[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 22, 2009
THOMAS K. KAHN
CLERK

No. 09-10642
Non-Argument Calendar

_____

D. C. Docket No. 05-00039-CR-BBM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICARDO SIMONE,
a.k.a. Lorenzo Grayson,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(July 22, 2009)

Before TJOFLAT, BARKETT and FAY, Circuit Judges.

PER CURIAM:

In October 1997, a District of Arizona grand jury returned a seventeen-count

indictment against Ricardo Simone and ten others on various charges arising out of a telemarketing scheme based in Georgia and Atlanta. In March 2000, Simone pled guilty to three of the counts, conspiracy to commit mail and wire fraud, mail fraud, and wire fraud, and the district court sentenced him to probation for 60 months and ordered him to pay $1,407,428 in restitution. Simone's supervision was transferred to the Northern District of Georgia, and on March 15, 2005, the district court revoked Simone's probation and sentenced him to prison for 24 months to be followed by 36 months of supervised release.

On December 15, 2008, and January 21, 2009, the district court held hearings on an order to show cause why Simone's supervised release should not be revoked. The court found that Simone had violated several conditions of release, revoked his supervised release, and sentenced him to prison for 18 months with no supervised release to follow.[1] Simone now appeals the court's decision, arguing that his sentence is procedurally unreasonable because the court did not calculate the applicable Guidelines sentence range, did not demonstrate that it considered the sentencing factors of 18 U.S.C. § 3553(a) in arriving at its sentencing decision, and did not justify the sentence it imposed to the extent that it was a variance from

---

[1] A district court, after considering certain sentencing factors set forth in 18 U.S.C. § 3553(a) and finding that the defendant has violated a condition of supervised release, may revoke the term of supervised release and impose a term of imprisonment. United States v. Sweeting, 437 F.3d 1105, 1107 (11th Cir. 2006).

the Guidelines sentence range. Simone also argues that his sentence is substantively unreasonable because his violations were minor.

In reviewing the reasonableness of a sentence, we first consider whether the district court committed a procedural error, such as "failing to calculate (or improperly calculated) the Guidelines [sentence] range." Gall v. United States, 552 U.S. ___, ___, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007). If procedural error occurred, we will vacate the sentence and remand the case for resentencing, unless the error was harmless. See United States v. Keene, 470 F.3d 1347, 1349 (11th Cir. 2006). Simone did not object to the district court's calculation of the applicable Guidelines sentence range following the imposition of sentence, when the court elicited the parties' objections, if any. We therefore consider his procedural error argument under the plain error standard. To demonstrate plain error, Simone must show that: "(1) an error occurred; (2) the error was plain; (3) it affected his substantial rights; and (4) it seriously affected the fairness of the judicial proceedings." United States v. Schultz, 565 F.3d 1353, 1356-57 (11th Cir. 2009) (quoting United States v. Gresham, 325 F.3d 1262, 1265 (11th Cir.2003). "An error is not plain unless it is contrary to explicit statutory provisions or to on-point precedent in this Court or the Supreme Court." Id., at 1357.

In United States v. Campbell, 473 F.3d 1345 (11th Cir. 2007), a case on all

3

fours with the instant case, the defendant was sentenced to 24 months' imprisonment following the revocation of his supervised release. He appealed and, like Simone, challenged the procedural reasonableness of his sentence on the ground that "the district court failed to consider the Guidelines and his advisory sentencing range under the Guidelines." 473 F.3d 1348. We concluded that his sentence was procedurally unreasonable, stating that "[o]ne of the factors a court must consider . . . is . . . the sentencing range established [by] the applicable guidelines or policy statements issued by the Sentencing Commission." Id.

Our examination of the transcript of Simone's sentencing hearing, which took place on December 15, 2008, and January 21, 2009, reveals that the district court never specifically mentioned or even indirectly identified Simone's Guidelines sentence range. Although the court did identify Simone's criminal history classification as "C," it never mentioned Simone's criminal history category; hence, we are unable to determine whether it considered his sentence range. The fact that the court did not explain its deviation above the sentence range or that it was even aware of the deviation reinforces the notion that the court failed to find Simone's sentence range. In sum, the court's failure to consider the Guidelines sentence range, which the parties agree would have called for imprisonment of 7 to 13 months, constituted procedural error that was plain under

4

<u>Campbell</u>.

The error affected Simone's substantial rights because Simone was sentenced to a term of imprisonment that was between 5 and 11 months greater than the applicable sentence range. Further, on balance, we conclude that the error affected Simone's substantial rights and the fairness of the sentencing proceeding and rendered Simone's sentence unreasonable. We therefore vacate the sentence and remand the case for resentencing.

VACATED and REMANDED.