[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-11673

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 22, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 02-00111-CR-T-17-MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GREGORY G. SCHULTZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 22, 2009)

Before CARNES, HULL and COX, Circuit Judges.

PER CURIAM:

Gregory G. Schultz, convicted of several white-collar criminal offenses, challenges an order entered by a federal magistrate judge denying his request to represent himself at trial. Schultz argues that the magistrate judge lacked authority to enter that order and, alternatively, that the magistrate judge erred by denying his request. We affirm in part and dismiss in part for lack of jurisdiction.

## I.

A federal grand jury returned a 38-count superseding indictment against Schultz and three codefendants, charging them with: conspiracy to commit securities fraud, mail fraud, and wire fraud, in violation of 18 U.S.C. § 371 (Count 1); securities fraud, in violation of 15 U.S.C. § 78j(b) (Counts 2 through 6); the sale of unregistered securities, in violation of 15 U.S.C. § 77e(a) (Counts 7 through 9); mail fraud, in violation of 18 U.S.C. § 1341 (Counts 10 through 22); conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) (Count 23); illegal monetary transactions, in violation of 18 U.S.C. § 1957 (Counts 24 through 31); and money laundering, in violation of 18 U.S.C. § 1956(a)(1)(A)(i) (Counts 32 through 38).

Schultz, a lawyer, represented himself at his first trial. During the fourth week of the trial, however, Schultz collapsed while cross-examining one of the government's witnesses. That night, he was admitted to the hospital, where he

remained for several days. In light of the time that it would take for doctors to diagnose Schultz's condition, the district court severed Schultz's case from his codefendants' cases and ordered a mistrial.

Schultz's appointed standby counsel took over preparing his defense for the retrial. Two weeks before Schultz's second trial was scheduled to begin, Schultz's appointed attorney moved to withdraw from the case, explaining that he had a conflict of interest because Schultz had recently filed a civil action against him. The district court referred counsel's motion to a magistrate judge. The district court "also refer[red] any motion for self-representation by Defendant Gregory G. Schultz. No motion has been filed at present but the Court understands the motion will be filed."[1]

The magistrate judge held a hearing at which Schultz invoked his Sixth Amendment right to represent himself in his upcoming trial, citing Faretta v. California, 422 U.S. 806, 95 S. Ct. 2525 (1975). Exercising authority under § 636(b)(1)(A), the magistrate judge entered an order denying Schultz's request for self-representation because his "recent efforts [were] part of a consistent pattern of

---

[1] Schultz argues that the district court wanted only a report and recommendation, not an order, from the magistrate judge in this case. However, the record demonstrates that although the district court requested a report and recommendation regarding Schultz's counsel's motion to withdraw, its referral of Schultz's motion for self-representation did not specify whether the magistrate judge was to decide the motion and issue an order, or simply make a report and recommendation.

delay," he had "persistently tried to obstruct the course of the judicial proceeding" by intentionally filing non-meritorious motions, and he was engaged in "a manipulative effort to create potential error" for purposes of appeal. Schultz did not serve and file an appeal from the magistrate judge's ruling.

When the district court convened Schultz's second trial shortly thereafter, Schultz's appointed attorney stated: "I would like to reassert for Mr. Schultz his desire, his motion to represent himself," to which the district court responded: "Denied."

A jury found Schultz guilty on all counts except for Count 6, which the government agreed to dismiss, and Count 21, of which he was found not guilty. The court sentenced Schultz to 262 months imprisonment. This is Schultz's appeal from the judgment of conviction.

## II.

First, Schultz contends that the magistrate judge lacked authority to rule on his request to represent himself at his trial under Faretta, 422 U.S. at 807. Schultz argues that, under Faretta and the Sixth Amendment, his right to self-representation is a fundamental right and that therefore a magistrate judge, as an Article I judge, has no authority to deny it. Although Schultz failed to raise that argument to the district court, we review challenges to a magistrate judge's authority even when the

4

defendant has not objected in the district court. United States v. Desir, 257 F.3d 1233, 1235 (11th Cir. 2001); United States v. Maragh, 189 F.3d 1315, 1318 (11th Cir. 1999) (citing Glidden Co. v. Zdanok, 370 U.S. 530, 535–36, 82 S. Ct. 1459, 1465 (1962)) (observing that the Supreme Court has treated challenges to a magistrate judge's statutory authority as if they were jurisdictional issues). Because Schultz did not raise his challenge to the magistrate judge's authority in the district court, however, we review it only for plain error. United States v. Freixas, 332 F.3d 1314, 1316 (11th Cir. 2003) ("Freixas's argument concerning the magistrate judge's authority is advanced for the first time on appeal, and accordingly we review it only for plain error.").

To demonstrate plain error, Schultz must show that: "(1) an error occurred; (2) the error was plain; (3) it affected his substantial rights; and (4) it seriously affected the fairness of the judicial proceedings." United States v. Gresham, 325 F.3d 1262, 1265 (11th Cir. 2003). An error is not plain unless it is contrary to explicit statutory provisions or to on-point precedent in this Court or the Supreme Court. United States v. Lejarde-Rada, 319 F.3d 1288, 1291 (11th Cir. 2003).

In this case, it was not error at all, much less plain error, to allow a magistrate judge to decide Schultz's motion for self-representation. "Magistrate judges do not . . . exercise the authority of judges appointed under Article III of the

5

United States Constitution; rather, magistrate judges draw their authority entirely from an exercise of Congressional power under Article I . . . . The jurisdiction and duties of federal magistrate judges are outlined principally in [28 U.S.C. § 636]." Thomas v. Whitworth, 136 F.3d 756, 758 (11th Cir. 1998). Turning to the language of 28 U.S.C. § 636(b)(1)(A), it appears that magistrate judges do have the authority to make decisions regarding counsel for the defendant. Section § 636(b)(1)(A) states:

> Notwithstanding any provision of law to the contrary . . . a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

28 U.S.C. § 636(b)(1)(A). Thus, magistrate judges are authorized to "hear and determine any pretrial matter," and none of the specific exceptions to this rule include a pretrial motion for self-representation or anything analogous to that type of motion. A literal reading of the statute therefore supports the district court's decision to refer Schultz's motion for self-representation to a magistrate judge.

Moreover, in addition to the language of the statute, case law also holds that

magistrate judges have the authority to decide motions for self-representation. See

Freixas, 332 F.3d at 1319. In Freixas the defendant retained counsel to represent

her and a co-defendant. Because sharing counsel created a potential conflict of

interest, a magistrate judge held a full Garcia[2] hearing and concluded that Freixas

was "competent, that she comprehended the charges against her and the maximum

punishment for each, and that she understood both the potential conflict arising

from the sharing of an attorney with an alleged coconspirator and her right to

effective representation of counsel." Id. at 1317. Accordingly, the magistrate

judge found that Freixas knowingly and voluntarily waived any conflict in her

representation. Id. We upheld the magistrate judge's authority to make that

determination. Id. at 1319. Notably, the competency and knowledge requirements

for waiving a right to conflict-free representation are substantially the same as the

requirements for waiving right to assistance of counsel entirely, which is a

prerequisite to representing oneself. Godinez v. Moran, 509 U.S. 389, 399–400,

113 S. Ct. 2680 (1993); Faretta, 422 U.S. at 835, 95 S. Ct. at 2541 (stating that a

defendant must only "competently and intelligently" choose self-representation,

just as he must "knowingly and intelligently" forgo his right to a lawyer). Thus,

the determinations made by the magistrate judge in Freixas were quite similar to

---

[2] United States v. Garcia, 517 F.2d 272, 278 (5th Cir. 1975), abrogated on other grounds by Flanagan v. United States, 465 U.S. 259, 263 n.2, 104 S. Ct. 1051, 1053 n.2 (1984).

those that would ordinarily be made by a magistrate judge deciding a motion for self-representation.  Our holding in Freixas supports allowing a magistrate judge to decide Schultz's motion.

Finally, other circuits have expressly stated that magistrate judges have the authority to decide motions for self-representation and substitute counsel.  See, e.g., United States v. Modena, 302 F.3d 626, 630 (6th Cir. 2002) (citing § 636(b)(1)(A) and stating that "[a] magistrate judge is authorized by statute to determine whether a criminal defendant has effectively waived the right to counsel"); United States v. Brown, 79 F.3d 1499, 1503 (7th Cir. 1996) ("Title 28 U.S.C. § 636(b)(1)(A) permits district judges to designate non-Article III magistrate judges for the determination of nondispositive pretrial motions, such as motions for substitute counsel").

Against all of this precedent, Schultz cites no case that holds that determining whether a defendant may waive his right to counsel and represent himself under the Sixth Amendment and Faretta is beyond the statutory authority given to magistrate judges under 28 U.S.C. § 636.  Schultz's best argument derives from the Supreme Court's opinions in Gomez v. United States, 490 U.S. 858, 109 S. Ct. 2237 (1989), and Peretz v. United States, 501 U.S. 923, 111 S. Ct. 2661 (1991).

8

In Gomez the Court decided that conducting jury selection was beyond the authority of a magistrate judge. 490 U.S. at 876, 109 S. Ct. at 2248. Most of the Court's analysis focused on § 636(b)(3), the residual clause that grants magistrate judges the power to handle "such additional duties as are not inconsistent with the Constitution and laws of the United States." 28 U.S.C. § 636(b)(3). The Court accepted the argument that allowing an Article I judge to perform the important function of jury selection, traditionally the province of Article III judges, might raise a constitutional question. Accordingly, it chose to read the statute so as not to create that question. Gomez, 490 U.S. at 864, 109 S. Ct. at 2241. The Court also rebuffed any argument that jury selection was a pretrial matter that could be handled by a magistrate judge under § 636(b)(1)(A). It found that suggestion meritless because "subparagraph (A) was plainly intended for less important matters than voir dire." Id. at 874 n.28, 109 S. Ct. at 2247 n.28. Two years later, in Peretz, the Court limited Gomez by holding that if a defendant expressly consented, the constitutional issue would disappear and a magistrate judge would have statutory authority to conduct jury selection. Peretz, 501 U.S. at 940, 111 S. Ct. at 2671.

Thus, Gomez and Peretz provide some oblique support for Schultz's position. Those decisions identify at least one stage of a criminal

proceeding—jury selection—that is too "critical" for an Article I magistrate judge to handle without the defendant's consent. Schultz's argument is that, by analogy, deciding a motion for self-representation is equally "critical" and thus must be considered beyond a magistrate judge's authority under § 636. However, Schultz cites no case that extends Gomez and Peretz to issues involving selection of counsel or the waiver of the right to assistance of counsel. And our own Freixas decision, issued in 2003, along with the Second Circuit's Modena decision in 2002, came well after Gomez and Peretz and did not even hint at the extension Schultz requests here.

Therefore, under Freixas there was no error, much less plain error, in the district court's decision to refer Schultz's motion for self-representation to a magistrate judge. See Gresham, 325 F.3d at 1265. Having established that it was not error for the magistrate judge to exercise authority over Schultz's motion for self-representation, the next question is whether we may reach the merits of the magistrate judge's decision to deny Schultz's motion.

### III.

"The law is settled that appellate courts are without jurisdiction to hear appeals directly from federal magistrates." United States v. Renfro, 620 F.2d 497,

10

500 (5th Cir. 1980).[3] In <u>Renfro</u> a magistrate judge acting under § 636(b)(1)(A) issued a ruling against the defendant on a pretrial discovery motion. <u>Id.</u> at 499–500. We held that we lacked jurisdiction to review that magistrate judge's ruling because the defendant had not promptly appealed it to the district court:

> In the case at bar, while Renfro did appeal the magistrate's ruling to the district court, he did not do so until after trial. This delay deprived the trial judge of his ability to effectively review the magistrate's holding. In essence then, defendant is now appealing a magistrate's decision directly to this Court . . . . Accordingly, this part of defendant's appeal must be dismissed.

<u>Id.</u> at 500. Under <u>Renfro</u>, if the district court had no opportunity to "effectively review the magistrate's holding" at the request of the wronged party, we lack jurisdiction to hear an appeal of the merits of that holding. <u>Id.</u>

As we have held, we are bound to follow <u>Renfro</u> under our prior panel precedent rule until this Court sitting <u>en banc</u> or the Supreme Court overrules it. <u>United States v. Jacqueline Brown</u>, 342 F.3d 1245, 1246 (11th Cir. 2003) (holding that the prior panel precedent rule applied to <u>Renfro</u>, and reinstating a decision to deny jurisdiction after it was vacated by the Supreme Court). In <u>Jacqueline Brown</u>, a magistrate judge entered an order denying Brown's counsel's request to withdraw. Neither Brown nor her counsel "ever raised the issue before the district

---

[3] In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) <u>(en banc)</u>, we adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

11

court for review of the magistrate judge's order." 299 F.3d 1252, 1259 (11th Cir. 2002), judgment vacated and remanded, 538 U.S. 1010, 123 S.Ct. 1928 (2003), opinion reinstated on remand, 342 F.3d at 1246. Accordingly, Brown's appeal amounted to an appeal directly from the magistrate judge's ruling, and we lacked jurisdiction. Id.; see also United States v. Meier Brown, 441 F.3d 1330, 1352 (11th Cir. 2006) (holding that we lacked jurisdiction to review a magistrate judge's order quashing a subpoena "because Brown never appealed the ruling to the district court"). Therefore, in this case, if Schultz failed to appeal to the district court the magistrate judge's denial of his motion for self-representation, then we lack jurisdiction to hear his appeal.

Schultz contends that he *did* challenge the magistrate judge's order in the district court when his attorney asserted that Schultz still desired to represent himself. Shortly before Schultz's second trial began, his attorney stated: "I would like to reassert for Mr. Schultz his desire, his motion to represent himself." The district court said "Denied."

First, we doubt that Schultz's oral objection, as opposed to a formal appeal or written objection, was sufficient to preserve his appeal. Certainly, since December 1, 2005 it would not be sufficient because on that date Federal Rule of Criminal Procedure 59(a) came into effect. Rule 59(a) requires the defendant to

12

"serve and file objections" to non-dispositive rulings by a magistrate judge within ten days, and states that "[f]ailure to object in accordance with this rule waives a party's right to review." Fed. R. Crim. P. 59(a) (2005).

In this case, the magistrate judge's order was issued in late September 2005, two months before Rule 59(a) came into effect. But even before Rule 59(a), the legislative history corresponding to § 636(b)(1)(A) suggests that Congress understood that a proper appeal would be done in writing, not orally. See H.R. Rep. No. 94-1609, at 10 (1976) ("[O]btaining reconsideration of a magistrate's order by the judge [] would normally be by motion duly served, filed and noticed. However, in some districts the local rules now in existence provide merely that the request for review be in a letter or other written form.").

Nonetheless, even if we accept the assertion that an oral objection *could have* been sufficient to preserve appellate review in this pre-Rule 59(a) case, the statement made by Schultz's attorney was still insufficient. The entire exchange in the district court was this:

> Mr. Fernandez: I would like to reassert for Mr. Schultz his desire, his motion to represent himself.
> Court: Denied.

This single statement by Schultz's counsel, although it was at odds with the magistrate judge's ruling, did not even refer to the order, let alone challenge its

13

reasoning— namely, that Schultz was not entitled to represent himself because he was purposefully obstructing judicial proceedings and manufacturing error for purposes of appeal. Such a generalized re-assertion of Schultz's desire to represent himself was not specific enough or clear enough to permit the district court to "effectively review" the magistrate judge's ruling. See Renfro, 620 F.3d at 500 (concluding that appealing a magistrate judge's pretrial ruling in a post-trial motion "deprived the trial judge of his ability to effectively review the magistrate's holding").

The conclusion that Schultz's appeal to the district court was insufficient is further supported by our case law in the similar context of § 636(b)(1)(B). After a magistrate judge has issued a report and recommendation under § 636(b)(1)(B), a party that wishes to preserve its objection must clearly advise the district court and pinpoint the specific findings that the party disagrees with. In Nettles v. Wainwright, 677 F.2d 404, 409–10 (5th Cir. Unit B 1982),[4] our predecessor Court

_____

[4] We adopted as binding precedent all Fifth Circuit decisions handed down prior to October 1, 1981, and all Unit B decisions from any date. Stein v. Reynolds Sec., Inc., 667 F.2d 33, 34 (11th Cir. 1982). Although the Fifth Circuit has since overruled Nettles in Douglass v. United Services Automobile Ass'n, 79 F.3d 1315, 1428–29 (5th Cir. 1996) (en banc), that does not change the binding effect of Nettles in this Circuit because Douglass was decided after October 1, 1981, and was not a Unit B decision. See Stovall v. City of Cocoa, 117 F.3d 1238, 1241 n.2 (11th Cir. 1997) ("Of course, we are not bound by the Fifth Circuit's construction of former Fifth Circuit cases."); DeLong Equip. Co. v. Washington Mills Electro Minerals Corp., 997 F.2d 1340, 1342 (11th Cir. 1993) (noting that a Fifth Circuit decision from 1986 that overruled a binding Fifth Circuit decision from 1975 did not bind the Eleventh Circuit).

14

stated:

> It is reasonable to place upon the parties the duty to pinpoint those portions of the magistrate's report that the district court must specially consider. This rule facilitates the opportunity for district judges to spend more time on matters actually contested and produces a result compatible with the purposes of the Magistrates Act.

Following Nettles, in Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988), we held that a habeas petitioner did not sufficiently object to a magistrate judge's recommendation because his objection was insufficiently clear and precise. Id. ("Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court."). We require similar specificity for objections in other contexts as well, such as sentencing objections. See United States v. Zinn, 321 F.3d 1084, 1087–88 (11th Cir. 2003) ("Whenever a litigant has a meritorious proposition of law which he is seriously pressing upon the attention of the trial court, he should raise that point in such clear and simple language that the trial court may not misunderstand it, and if his point is so obscurely hinted at that the trial court quite excusably may fail to grasp it, it will avail naught to disturb the judgment on appeal."). In sum, Schultz's one-sentence reassertion of his motion, without any reference to the magistrate judge's order or its findings, was insufficient to convey to the district court the substance of any

15

objection he may have had to the magistrate judge's order. Accordingly, Schultz never gave the district court an opportunity to "effectively review" the magistrate judge's factual findings and legal conclusion, and we lack jurisdiction to hear it now. Renfro, 620 F.3d at 500.

Finally, Schultz contends that, even if his objection was insufficient, we nonetheless have jurisdiction to review the magistrate judge's order. Schultz argues that his failure to object should be excused because the magistrate judge never notified him of his right to appeal to the district court. Schultz argues that under Nettles, a party's right to appellate review in this Court cannot be limited unless the magistrate judge informed the party that objections had to be filed in the district court within ten days of the magistrate judge's report and recommendation. 677 F.2d at 408, 410.

However, Nettles involved a magistrate judge's report and recommendation issued under § 636(b)(1)(B), not a pretrial order issued under § 636(b)(1)(A). And although the subparagraphs are similar in some ways, in 2005 subparagraph (B) carried a ten-day time limit on appeals to the district court, while subparagraph (A) did not. The reason that the Nettles court adopted the notice requirement was to give the parties fair warning that § 636(b)(1)(B) required any objection to be filed within ten days of receiving a copy of the magistrate judge's report and

16

recommendation.  See Nettles, 677 F.2d at 408 (citing United States v. Walters, 638 F.2d 947 (6th Cir. 1981)).

But in September of 2005, before Rule 59(a) came into effect, there was no ten-day limit under § 636(b)(1)(A), and so no ten-day limit applied to Schultz.  See Jacqueline Brown, 299 F.3d at 1260 n.10 (observing in 2002 two differences between subparagraphs (A) and (B): that (A), unlike (B), did not require parties to receive a copy of the magistrate judge's findings, and that "[n]or, on the other hand, is there a time limit prescribed in § 636(b)(1)(A)").  Thus, the notice requirement in Nettles was designed to function under § 636(b)(1)(B) and to address a time limit that did not apply to Schultz.[5]

Thus, in this case there is no logical reason to extend Nettles' notice requirement to Schultz.  Additionally, several other circuits, while agreeing with Nettles that notice of the time limit is required for dispositive motions, have concluded that notice is not required for orders like the one in this case.  See, e.g., Caidor v. Onondaga County, 517 F.3d 601, 604–05 (2d Cir. 2008) (limiting its notice requirement to dispositive recommendations issued under § 636(b)(1)(B), and declining to extend such a requirement to nondispositive orders issued under

---

[5]  In fact, Schultz's statement to the district court about reasserting his motion to represent himself, although insufficient as an appeal of the magistrate judge's order, *did* occur within ten days of the magistrate judge's ruling.

§ 636(b)(1)(A)); United States v. Akinola, 985 F.2d 1105, 1108 (1st Cir. 1993) ("Moreover, as we pointed out during oral argument, even when such a warning is required, it is necessary only as part of a Magistrate Judge's report and recommendation to the district judge, 28 U.S.C. § 636(b)(1)(B), (C), and not when the Magistrate Judge issues a non-dispositive order [under § 636(b)(1)(A)].").

In sum, because Schultz did not appeal the magistrate judge's order to the district court, we lack jurisdiction to review the merits of the magistrate judge's order. Accordingly, we dismiss this portion of his appeal for lack of jurisdiction.

**IV.**

Schultz's last contention is that the district court erred by denying his motion to dismiss for prosecutorial vindictiveness. Rather than offer any argument on this issue, however, Schultz cites Fed. R. App. P. 28(i) and 11th Cir. R. 28-1(f) and seeks to adopt by reference that argument, which was advanced in a codefendant's brief filed in a separate direct appeal.

Rule 28(i) does not permit adoption of arguments by reference between cases unless a motion for adoption is made and granted, which has not occurred in this case. United States v. Bichsel, 156 F.3d 1148, 1150 n.1 (11th Cir. 1998). Accordingly, Schultz's attempt to adopt his codefendant's argument fails.

## V.

We conclude that it was not plain error for the magistrate judge to exercise authority under § 636(b)(1)(A) to enter an order deciding Schultz's pretrial request for self-representation.  We lack jurisdiction to consider Schultz's arguments attacking the merits of the magistrate judge's order because he did not sufficiently appeal that order to the district court.  Finally, we decline to permit him to incorporate an argument from another case by reference.  Accordingly, we affirm in part and dismiss in part for lack of jurisdiction.

**AFFIRMED IN PART; DISMISSED IN PART.**