[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-17205
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 21, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 08-00014-CR-OC-10GRJ

UNITED STATES OF AMERICA,

                                                          Plaintiff-Appellee,

versus

HENRI ARTILES-MARTIN,
a.k.a. Henry Artiles,

                                                          Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 21, 2009)

Before BLACK, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Henri Artiles-Martin appeals his conviction for possession with intent to distribute at least 5 kilograms of cocaine. Artiles-Martin argues the district court erred by: (1) denying his motion to preserve witness testimony; (2) denying his motion for a new trial; and (3) admitting certain testimony at trial.

I.

On appeal, Artiles-Martin argues the district court erred by denying his motion to preserve witness testimony.

Rule 59 of the Federal Rules of Criminal Procedure governs matters before a magistrate judge. Subsection (a) provides:

> A party may serve and file objections to the [magistrate judge's] order within 10 days after being served with a copy of a written order or after the oral order is stated on the record, or at some other time the court sets. . . Failure to object in accordance with this rule waives a party's right to review.

Fed. R. Crim. P. 59(a). Because of the waiver provision in Rule 59(a) we have held we "lack[ed] jurisdiction to review the magistrate judge's order because [the defendant] never appealed the ruling to the district court." *United States v. Brown*, 441 F.3d 1330, 1352 & n.9 (11th Cir. 2006); *accord United States v. Schultz*, 565 F.3d 1353, 1359-60 (11th Cir. 2009).

Artiles-Martin has waived his argument concerning the denial of his preservation of testimony motion by failing to make an objection to the district

2

court after the magistrate judge denied his motion. Thus we lack jurisdiction to consider Artiles-Martin's argument on appeal. Accordingly, we dismiss this portion of his appeal for lack of jurisdiction.

## II.

Artiles-Martin next argues the district court erred by denying his motion for a new trial because he was presented with new evidence by Daytona Auto Auction showing that he was on a legitimate business trip at the time he was arrested. Artiles-Martin elaborates: (1) the evidence was new because it was not provided by Daytona Auto Auction until after the case was submitted to the jury; (2) he exercised due care in discovering it by timely serving Daytona Auto Auction with a subpoena; (3) the evidence was not cumulative because no other witness testified about this matter; and (4) the evidence would have resulted in a different outcome because the Government's case was wholly circumstantial.

We review a district court's denial of a defendant's motion for a new trial for abuse of discretion. *United States v. Jernigan*, 341 F.3d 1273, 1287 (11th Cir. 2003). To obtain a new trial on the basis of newly discovered evidence, a defendant must show: (1) the evidence was in fact discovered following trial; (2) the defendant exercised due care to discover the evidence; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and

3

(5) the evidence is of such a nature that a new trial would probably produce a different result. *United States v. Lee*, 68 F.3d 1267, 1273 (11th Cir. 1995). "The failure to satisfy any one of these elements is fatal to a motion for new trial." *Id.* at 1274.

Artiles-Martin failed to establish he exercised due care in obtaining his newly-discovered evidence. Thus the district court did not abuse its discretion by denying Artiles-Martin's motion for a new trial.

III.

Finally, Artiles-Martin makes expert witness and undue prejudice-based arguments concerning the testimony of two of the law enforcement officers in this case: Agent Rosales and Trooper Davis. He argues the district court erred by permitting Agent Rosales to testify that Artiles-Martin used the word "hablar," instead of "halar," in a jailhouse conversation because Agent Rosales was not an expert on Cuban slang.[1] Artiles-Martin also argues it was error to permit Agent Rosales to translate the Spanish phrase that Artiles-Martin uttered during his confrontation with Trooper Davis: "Ya me cogieron, compadre" – "They caught

---

[1] "Hablar" can be translated as "to talk," while the word "halar" can be translated as "to haul," as in, "to haul a lot of jail time" or "to spend a lot of time in jail." In context, the difference was whether Artiles-Martin had asked the person with whom he was speaking to get him out soon because he "knew he was going to talk" or because he "knew that he would be 'hauling a lot of time' waiting for trial."

4

me now, compadre." Artiles-Martin finally asserts it was error to permit Trooper Davis to testify that Artiles-Martin was not on a legitimate business trip, and that the latter's body language showed he was nervous.

Evidentiary issues are reviewed for abuse of discretion. *See United States v. Myers*, 972 F.2d 1566, 1577 (11th Cir. 1992). However, when a defendant fails to object to an error before the district court, we will review that issue solely for plain error and will remand only if it is shown that there is (1) error, (2) that is plain, (3) that affects substantial rights, and (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings. *United States v. Arias-Izquierdo*, 449 F.3d 1168, 1185 n.8 (11th Cir. 2006). Thus, proof of a plain error requires a showing that the error was so conspicuous that the court was derelict in countenancing it. *United States v. Turner*, 474 F.3d 1265, 1275 (11th Cir. 2007). An error stemming from improper witness testimony is harmless if the record shows that the error would not have affected the defendant's conviction. *See United States v. Carrazana*, 921 F.2d 1557, 1568 (11th Cir. 1991). Examining the record, we find the only issue to which Artiles-Martin objected before the district court was Agent Rosales's testimony concerning the word "hablar." Thus, we will analyze that matter under the abuse of discretion standard, and we will analyze the remaining issues under the plain error standard.

5

Under Rule 403 of the Federal Rules of Evidence, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 403. In addition, under Rule 701 of the Federal Rules of Evidence, if a witness is not testifying as an expert, that witness's testimony is limited to "those opinions or inferences which are (a) rationally based on the perception of the witness, and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge." Fed. R. Evid. 701. The non-expert witness must have first-hand knowledge of the matter about which he is testifying. *United States v. Marshall*, 173 F.3d 1312, 1315 (11th Cir. 1999).

The district court did not abuse its discretion or commit plain error by admitting Agent Rosales and Trooper Davis's testimony. Trooper Davis applied his decade of experience as a police officer to something he personally perceived. *See Myers*, 972 F.2d at 1577. Moreover, the probative value of Trooper Davis's testimony was not substantially outweighed by the danger of unfair prejudice. *See* Fed. R. Evid. 403. Agent Rosales provided an opinion about conversations in Spanish, which were played before the jury. Artiles-Martin cross-examined Agent Rosales about the translations in question, and Artiles-Martin also called a different translator as a witness to testify about the "hablar" translation. Additionally, the

jury was provided with the original conversations that formed the basis for the disputed portions of Agent Rosales's testimony, thus the jury was able to evaluate those conversations independently of Agent Rosales's testimony. The removal of the disputed portions of Agent Rosales's testimony would not have altered the outcome of this case, thus any error committed through the admission of that testimony was harmless. Accordingly, we affirm Artiles-Martin's conviction.

**DISMISSED IN PART AND AFFIRMED IN PART.**