[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-10531
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 20, 2011
JOHN LEY
CLERK

D.C. Docket No. 3:09-cr-00076-TJC-JRK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KEITH LARON BROOKS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 20, 2011)

Before BARKETT, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Keith Laron Brooks appeals his conviction for being a felon in possession

of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). On appeal, Brooks

raises five arguments: (1) sufficient evidence does not support the jury's verdict that he unlawfully possessed a firearm; (2) the district court erred in admitting (a) Erik Berger's testimony that Brooks previously possessed a firearm and (b) Brooks's 2003 felony conviction for cocaine distribution, pursuant to Fed.R.Evid. 404(b); (3) the district court abused its discretion in denying his motion to sever his drug count from his firearm count; (4) the district court erred in denying his motion to suppress; and (5) the district court erred in denying his motion to compel the identity of a non-testifying confidential informant ("CI"). After careful review, we affirm.

## I.

First, Brooks contends that the government did not show that he had actual or constructive possession of the firearm because it failed to show that he had ownership, dominion, or control over the room in which officers found the firearm. He argues that mere presence is insufficient where, as here, there was no other incriminating evidence, especially where the jury found that Brooks did not have control over the shotgun shell, the bullets, or the drugs found in the same room as the firearm.

We review *de novo* whether there is sufficient evidence in the record to support a jury's verdict in a criminal trial, viewing the evidence in the light most

favorable to the government, and drawing all reasonable factual inferences in favor of the jury's verdict. *United States v. Beckles*, 565 F.3d 832, 840 (11th Cir.), *cert denied*, 130 S.Ct. 272 (2009). Accordingly, the evidence will be sufficient to support a conviction if a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt. *Id.*

To establish a violation of 18 U.S.C. § 922(g)(1), the government must prove three elements: (1) that the defendant was a convicted felon, (2) that the defendant was in knowing possession of a firearm, and (3) that the firearm was in or affecting interstate commerce. *Id.* at 841. Here, Brooks contests only the second element – that he did knowingly possessed the firearm.

"The government need not prove actual possession in order to establish knowing possession; it need only show constructive possession through direct or circumstantial evidence." *Id.* (quotation omitted). "Constructive possession exists when the defendant exercises ownership, dominion, or control over the item or has the power and intent to exercise dominion or control." *Id.* However, "a defendant's mere presence in the area of [an object] or awareness of its location is not sufficient to establish possession." *Id.* (quotation omitted).

Here, viewing the evidence in the light most favorable to the government, the government presented substantial evidence to show that Brooks had dominion

3

or control over the bedroom in which officers found the firearm, and thus, that he knowingly possessed the firearm. The government presented evidence that (1) Brooks was at the trailer on June 30, 2008, January 4, 2009, and on January 16, 2009; (2) when officers executed the search warrant, Brooks ran back into the house and headed toward the room with the firearm where officers detained him; (3) Berger went to the trailer multiple times to buy crack cocaine from Brooks; (4) officers discovered Brooks's Florida ID card as well as his mail in the room containing the firearm; (5) Brooks's mother told officers at the scene that Brooks lived in the back bedroom; and (6) Berger had seen Brooks with a gun before. Further, in taped conversations from jail, Brooks asked people to get his property from the trailer, including Brooks's tools and an amplifier under his bed as well as a fish tank, a grill, and speakers. It is sufficiently clear that Brooks exercised control over the items located in the back bedroom, including the firearm. *See United States v. Brown*, 587 F.3d 1082, 1091-92 (11th Cir. 2009) (holding that sufficient evidence supported firearm conviction where officers found firearms, ammunition, drug paraphernalia, cash, and defendant's Florida identification card and prison identification card in bedroom of defendant's mother's house).

Finally, Brooks's contention that the insufficiency of the evidence is demonstrated by inconsistent jury verdicts is without merit. It is well settled that

4

juries are entitled to reach compromises and that "consistency in the verdict is not necessary." *United States v. Odom*, 252 F.3d 1289, 1298 (11th Cir. 2001) (quotation omitted). Inconsistent verdicts do not defeat a defendant's conviction, and "sufficiency-of-the-evidence review involves assessment by the courts of whether the evidence adduced at trial could support any rational determination of guilty beyond a reasonable doubt, a review that is independent of the jury's determination that evidence on another count was insufficient." *United States v. Veal*, 153 F.3d 1233, 1252-53 (11th Cir. 1998) (quotations omitted). Here, the jury specifically found that Brooks knowingly possessed the firearm and sufficient evidence supports this determination.

## II.

Second, Brooks argues that the district court erred in admitting (a) Erik Berger's testimony that Brooks previously possessed a firearm and (b) Brooks's 2003 felony conviction for cocaine distribution, pursuant to Fed.R.Evid. 404(b).

We review for abuse of discretion a district court's decision to admit evidence pursuant to Rule 404(b). *United States v. Brown*, 587 F.3d 1082, 1090-91 (11th Cir. 2009). We apply a three-part test to determine whether extrinsic evidence of prior bad acts is admissible under Rule 404(b):

5

> First, the evidence must be relevant to an issue other than the defendant's character; Second, the act must be established by sufficient proof to permit a jury finding that the defendant committed the extrinsic act; [and] Third, the probative value of the evidence must not be substantially outweighed by its undue prejudice, and the evidence must meet the other requirements of Rule 403.

*United States v. Matthews*, 431 F.3d 1296, 1311 (11th Cir. 2005). "To determine whether the evidence is more probative than prejudicial, a district court must engage in a common sense assessment of all the circumstances surrounding the extrinsic offense, including prosecutorial need, overall similarity between the extrinsic act and the charged offense, as well as temporal remoteness." *Brown*, 587 F.3d at 1091 (quotation omitted). Although the district court has a great degree of discretion in weighing probative value and prejudice under Rule 403, we have "also recognized that Rule 403 is an extraordinary remedy which the district court should invoke sparingly, and the balance . . . should be struck in favor of admissibility." *United States v. Dodds*, 347 F.3d 893, 897 (11th Cir. 2003) (quotation omitted).

Berger's Testimony

The district court did not abuse its discretion in admitting Berger's testimony. By pleading not guilty and presenting a mere presence defense, Brooks placed his intent squarely at issue. The government had the burden of proving

6

knowing possession of a firearm, and to do so, it sought admission of evidence that Brooks had knowingly possessed a firearm at another recent time. *See United States v. Jernigan*, 341 F.3d 1273, 1281 (11th Cir. 2003) (permitting admission of defendant's prior felon in possession of firearm conviction to prove "knowing possession of a firearm" element of charged offense). Further, the probative value of Berger's testimony outweighed any prejudicial effect it might have had. Brooks's possession of a firearm at the same trailer where officers only months later discovered a firearm is probative that Brooks knowingly possessed the firearm. *See Brown*, 587 F.3d at 1091. Moreover, because the government's case relied primarily on circumstantial evidence, the government needed Berger's testimony. *See id.*

Brooks's 2003 conviction

The district court also did not abuse its discretion in admitting Brooks's 2003 drug conviction, as we have held that "[e]vidence of prior drug dealings is highly probative of intent to distribute a controlled substance." *United States v. Cardenas*, 895 F.2d 1338, 1344 (11th Cir. 1990) (quotation omitted). This is especially true where, as here, the government needed the evidence to establish the defendant's intent. *See id.* at 1343-44. Further, the two offenses were substantially similar, and while six years separated the two offenses, this does not

7

diminish the evidence's probative value because Brooks was in prison for the majority of this time. Accordingly, the evidence's probative value outweighed any prejudice that the evidence might have had.

### III.

Brooks contends that by not severing his two counts, the district court prejudiced him, as shown by its deadlock on the drug count. We review the denial of a motion to sever for abuse of discretion. *United States v. Hammond*, 781 F.2d 1536, 1539 (11th Cir. 1986). We use a two-step analysis to determine whether separate charges were properly tried at the same time. *United States v. Walser*, 3 F.3d 380, 385 (11th Cir. 1993). First, the government must demonstrate that the initial joinder of offenses was proper under Fed.R.Crim.P. 8(a). *Id.* Fed.R.Crim.P. 8(a) permits the joinder of offenses "if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Brooks does not dispute that the initial joinder was proper. The firearm count was based on the same act or transaction as the drug charge, because the weapon and drugs were found at the same time and the same place as the drugs. *See* Fed.R.Crim.P. 8(a).

Second, we must determine whether the district court abused its discretion by denying the motion to sever. *Walser*, 3 F.3d at 385. Fed.R.Crim.P. 14 permits

8

relief from prejudicial joinder, including severance of counts, "if the joinder of offenses . . . in an indictment . . . appears to prejudice a defendant." We, however, "will not reverse the denial of a severance motion absent a clear abuse of discretion resulting in compelling prejudice against which the district court could offer no protection." *Walser*, 3 F.3d at 385. "[M]ore than some prejudice must be shown; the appellant must demonstrate that he received an unfair trial and suffered compelling prejudice." *Id.* at 386 (quotation omitted). "This is a heavy burden, and one which mere conclusory allegations cannot carry." *Id.* (quotation omitted). "The test for assessing compelling prejudice is whether under all the circumstances of a particular case it is within the capacity of jurors to follow a court's limiting instructions and appraise the independent evidence against a defendant solely on that defendant's own acts, statements, and conduct in relation to the allegations contained in the indictment and render a fair and impartial verdict." *Id.* at 386-87. Severance is not required when the possible prejudice may be cured through a cautionary instruction. *Id.* at 387. Absent evidence to the contrary, we presume that a jury was able to follow the district court's instructions and evaluate the evidence on each count independently. *See id.*

Here, Brooks has failed to show that he suffered compelling prejudice from the joinder of Counts One and Two. The fact that the jury failed to reach a verdict

9

on the drug count and found Brooks guilty of the felon-in-possession charge as to the firearm but not the ammunition demonstrates that the jury considered each count separately. *See United States v. York*, 428 F.3d 1325, 1334 (11th Cir. 2005) (holding that district court did not abuse its discretion in denying motion to sever where court instructed jury to consider each count separately and where "the jury acquitted [the defendant] on two of the thirteen counts, evincing that it considered each count separately."). Further, even Brooks concedes that if the firearm count was tried separately the jury would have known that he was a convicted felon. Thus, Brooks has not carried his heavy burden of showing compelling prejudice and an unfair trial. Accordingly, the district court did not commit a clear abuse of discretion by denying Brooks's motion to sever.

IV.

Next, Brooks raises various arguments related to the district court's denial of his motion to suppress. Pursuant to Fed.R.Crim.P. 59(b)(2), which became effective in 2005, a defendant's failure to file specific written objections to a magistrate's recommendations within ten days (now amended to fourteen days) after being served with the recommendation, or by some other date set by the court, constitutes a waiver of his right to appellate review.

Because Brooks did not file objections to the magistrate judge's report and

10

recommendation, we conclude that he waived appellate review of the denial of his motion to suppress.

V.

Brooks contends that the district court erred in denying his motion because he needed to confront the CI to challenge the search warrant.

Ordinarily, we review for an abuse of discretion the district court's ruling that the government need not disclose the identity of a confidential informant. *United States v. Gutierrez*, 931 F.2d 1482, 1490 (11th Cir. 1991). But, "[t]he law is settled that appellate courts are without jurisdiction to hear appeals directly from federal magistrates." *United States v. Schultz*, 565 F.3d 1353, 1359 (11th Cir. 2009) (citing *United States v. Renfro*, 620 F.2d 497, 500 (5th Cir. 1980)). In *Renfro*, a magistrate judge acting under 28 U.S.C. 636(b)(1)(A) issued a ruling against the defendant on a pretrial discovery motion. *Schultz*, 565 F.3d at 1359. We held that we lacked jurisdiction to review the magistrate judge's ruling because the defendant had not promptly appealed it to the district court. *Id.*

Here, because Brooks never appealed the magistrate's ruling denying his motion to compel the CI's identity, we lack jurisdiction to now consider the merits of this holding. *See Schultz*, 565 F.3d at 1359. Accordingly, we affirm.

11

**AFFIRMED.**[1]

---

[1]     Brooks's request for oral argument is denied.