[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-14736

_____

D.C. Docket No. 1:10-cr-20766-MGC-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ISACHI GIL,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 20, 2012)

Before HULL and FAY, Circuit Judges, and WHITTEMORE,* District Judge.

_____

*Honorable James D. Whittemore, United States District Judge, Middle District of
Florida, sitting by designation.

PER CURIAM:

Defendant Isachi Gil appeals her convictions for health care fraud and making false statements in connection with health care matters, in violation of 18 U.S.C. §§ 1347, 1035(a)(2).  Gil, a nurse, was charged with, among other things, falsely representing in nursing notes, patient records, or other documents that she was visiting home-bound patients and administering insulin injections to those home-bound, diabetic patients, when in actuality, the patients either were not diabetic or did not receive those services because they either did not require them or the visits never occurred.  A jury convicted Gil following a two-week trial, during which the district court made various rulings that now comprise the subjects of the instant appeal.

In particular, Gil raises six challenges.  First, Gil argues that the district court erred in refusing to strike the entire testimony of two witnesses because during part of their examination, the government introduced recordings wherein the witnesses allegedly fabricated certain statements.  Although the district court ultimately struck one of the recordings (Mercedes Puche's) and the statements therein, Gil argues that the court erred in failing to instruct the jury until the end of trial that these recordings were fabricated and should not be considered.  Gil also contends that the witnesses' entire other testimony should have been struck too.

2

Second, Gil argues that the evidence at trial was insufficient to support her convictions. Third, she argues, for the first time on appeal, that § 1035(a)(2) is a lesser-included offense of § 1347, such that her conviction for both violated her double jeopardy rights. Fourth, she asserts that the district court's admission of: (a) bank records relating to her work at health care companies that were not named in the indictment; (b) a chart estimating the number of patient home visits that she made during the period charged; and (c) records from her SunPass transponder introduced during the government's rebuttal case, taken individually and cumulatively, deprived her of a fair trial. Fifth, she argues that the district court abused its discretion in failing to hold an evidentiary hearing on whether the government intimidated two defense witnesses by advising the district court that they were subjects or targets of investigation shortly before the defense called them to testify. Finally, Gil argues that the district court improperly admitted the prior conviction of Adela Quintero.

## I.

We review the district court's decision to admit certain evidence for abuse of discretion. United States v. Hill, 643 F.3d 807, 840 (11th Cir. 2011), cert. denied, 132 S. Ct. 1988 (2012). We also review for abuse of discretion a district court's refusal to give a curative instruction. See United States v. Palma, 511 F.3d

3

1311, 1317 n.4 (11th Cir. 2008). "The inquiry into the sufficiency of the government's evidence produced at trial is a question of law subject to de novo review." United States v. Spoerke, 568 F.3d 1236, 1244 (11th Cir. 2009) (internal quotation marks omitted). We review de novo whether an indictment violated the Double Jeopardy Clause. United States v. McIntosh, 580 F.3d 1222, 1226 (11th Cir. 2009). A district court's decision on whether to hold an evidentiary hearing is reviewed for abuse of discretion. United States v. Gamory, 635 F.3d 480, 490 (11th Cir.), cert. denied, 132 S. Ct. 826 (2011).

Where a challenge is raised for the first time in a criminal appeal, we review only for plain error, which requires a defendant to demonstrate that: "(1) an error occurred; (2) the error was plain; (3) it affected [her] substantial rights; and (4) it seriously affected the fairness of the judicial proceedings." United States v. Schultz, 565 F.3d 1353, 1356-57 (11th Cir. 2009) (internal quotation marks omitted).

After oral argument and careful review of the extensive evidence at trial and the parties' briefs, we conclude that all issues in this appeal lack merit and that Gil has not shown reversible error in her trial. Thus, we affirm Gil's convictions and her 43-month total sentence.

**AFFIRMED.**

4