[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-11211
Non-Argument Calendar
_____

D.C. Docket No. 2:16-cr-00134-JES-MRM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID CASWELL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 17, 2019)

Before TJOFLAT, JORDAN, and NEWSOM, Circuit Judges.

PER CURIAM:

This appeal stems from the district court's denial of a motion to suppress

evidence discovered pursuant to a nationwide warrant out of the Eastern District of

Virginia, which authorized the use of a "network investigative technique" to track down patrons of a child-pornography website. Challenges to evidence secured under the so-called "NIT warrant" have cropped up in dozens of courts across the country including, most recently, our own. *See United States v. Taylor*, No. 17-14915(11th Cir. Aug. 28, 2019). In this iteration, David Caswell appeals his conviction for possession of child pornography, arguing that the district court erred in denying his motion to suppress both the evidence obtained as a result of the NIT warrant and statements that he made to officers before he was given *Miranda* warnings. We disagree. Because our recent decision in *Taylor* forecloses Caswell's NIT-warrant arguments, and because the district court did not plainly err in concluding that he was not in custody at the time of his questioning (and thus not entitled to *Miranda* warnings), we affirm.[1]

**I**

Caswell argues that the district court erred in denying his motion to suppress evidence obtained under the NIT warrant because (1) the magistrate judge lacked authority to issue the warrant under Federal Rule of Criminal Procedure 41(b) (2015) and 28 U.S.C. § 636(a) and (2) the warrant failed to meet the Fourth Amendment's particularity requirement. Even accepting both contentions as true,

---

[1] The facts are known to the parties; they are included here only as necessary to aid in our analysis.

neither changes the outcome for Caswell because, as we found in *Taylor*, the good-faith exception to the exclusionary rule applies to the FBI's NIT-warrant application. *See Taylor*, slip op. at 3–4.[2] *Cf. United States v. Eldred*, No. 17-3367-cv, 2019 WL 3540415, at *8 (2d Cir. Aug. 5, 2019); *United States v. Ganzer*, 922 F.3d 579, 587–90 (5th Cir.), *petition for cert. filed*, No. 19-5339 (2019); *United States v. Moorehead*, 912 F.3d 963, 971 (6th Cir.), *petition for cert. filed*, No. 19-5444 (2019); *United States v. Kienast*, 907 F.3d 522, 527–29 (7th Cir. 2018), *cert. denied*, 139 S. Ct. 1639 (2019); *United States v. Henderson*, 906 F.3d 1109, 1116–20 (9th Cir. 2018), *cert. denied*, 139 S. Ct. 2033 (2019); *United States v. Werdene*, 883 F.3d 204, 214–19 (3d Cir.), *cert. denied*, 139 S. Ct. 260 (2018); *United States v. McLamb*, 880 F.3d 685, 691 (4th Cir.), *cert. denied*, 139 S. Ct. 156 (2018); *United States v. Levin*, 874 F.3d 316, 323–24 (1st Cir. 2017); *United States v. Horton*, 863 F.3d 1041, 1050–52 (8th Cir. 2017), *cert. denied*, 138 S. Ct. 1440 (2018); *United States v. Workman*, 863 F.3d 1313, 1319–21 (10th Cir. 2017), *cert. denied*, 138 S. Ct. 1546 (2018).

Because Caswell challenges the same warrant application and affidavit that we recently deemed adequate in *Taylor*, that case controls our decision here:

---

[2] We did not reach the question of particularity in *Taylor*, but we did acknowledge that the magistrate judge in the Eastern District of Virginia exceeded her statutory authority under § 636(a) such that the NIT warrant was *void ab initio*. *See Taylor*, slip op. at 3. Because we find that here, as in *Taylor*, the good-faith exception applies, we need not address either issue.

3

Although imperfect, the application and accompanying affidavit sufficiently disclosed the bounds of the intended search.[3]  Evidence gathered under the NIT warrant does not invite the "harsh sanction" of exclusion as law enforcement's actions were neither "deliberate enough to yield 'meaningfu[l]' deterrence, [nor] culpable enough to be 'worth the price paid by the justice system.'"  *Davis v. United States*, 564 U.S. 229, 240 (2011) (first alteration in original) (quoting *Herring v. United States*, 555 U.S. 135, 144 (2009)).  Accordingly, the district court did not err in denying Caswell's motion to suppress evidence that he possessed child pornography.

## II

Caswell also asserts that his statements to the agents must be suppressed because he was not given *Miranda* warnings prior to questioning.  Caswell waived this argument, however, by failing to specifically object to the magistrate judge's findings of fact or conclusions of law regarding his motion to suppress the statements.  He also failed to raise the issue in his motion for reconsideration.  Thus, we review this objection for plain error only.  *See* 11th Cir. R. 3-1 (stating that although "[a] party failing to object to a magistrate judge's findings or

---

[3] Caswell insists that the outcome here should be different because he "raises arguments about the good-faith exception that were not addressed by the defendant in *Taylor*" and introduces additional documents into evidence.  Reply Br. at 1 (section heading).  Having reviewed the record and briefs, however, we find that Caswell fails to raise any arguments that are not foreclosed by our opinion in *Taylor*.

recommendations . . . waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions," we "may review on appeal for plain error if necessary in the interests of justice"). Plain error is error that is "clear or obvious" and has "affected the defendant's substantial rights," which ordinarily requires a defendant to demonstrate "a reasonable probability that, but for the error, the outcome of the proceeding would have been different." *United States v. Corbett*, 921 F.3d 1032, 1037 (11th Cir. 2019) (quoting *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016)). When these criteria are met, we "should exercise [our] discretion to correct the forfeited error if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Molina-Martinez*, 136 S. Ct. at 1343 (citation and quotation marks omitted). As we have previously explained, "[a]n error is not plain unless it is contrary to explicit statutory provisions or to on-point precedent in this Court or the Supreme Court." *United States v. Schultz*, 565 F.3d 1353, 1357 (11th Cir. 2009).

Relevant to Caswell's claim, the Fifth Amendment provides that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. In *Miranda v. Arizona*, the Supreme Court concluded that, pursuant to this decree, statements made during a "custodial interrogation" are not

5

admissible at trial unless the defendant was first advised of his rights, including the right against self-incrimination.  384 U.S. 436, 444 (1966),

An individual is considered to be "in custody" for *Miranda* purposes when there is either a "formal arrest or restraint on freedom of movement of the degree associated with a formal arrest."  *United States v. Brown*, 441 F.3d 1330, 1347 (11th Cir. 2006) (quoting *California v. Beheler*, 463 U.S. 1121, 1125 (1983)).  An interviewee's "status as a suspect, and the 'coercive environment' that exists in virtually every interview by a police officer of a crime suspect, [does] not automatically create a custodial situation."  *United States v. Muegge*, 225 F.3d 1267, 1270 (11th Cir. 2000).  Instead, courts must consider on a case-by-case basis whether, under the totality of the circumstances, an objectively reasonable person would have felt free to leave the scene.  *Brown*, 441 F.3d at 1347.  Factors relevant to this analysis include "whether the officers brandished weapons, touched the suspect, or used language or a tone that indicated that compliance with the officers could be compelled."  *United States v. Luna-Encinas*, 603 F.3d 876, 881 (11th Cir. 2010) (citation and quotation marks omitted).  Another "powerful factor" is whether officers "[u]nambiguously advis[e]" the interviewee "that he is free to leave and is not in custody."  *Brown*, 441 F.3d at 1347.  And, while the location of the interview is "not dispositive," courts are less inclined to find a custodial encounter "when the interrogation occurs in familiar or at least neutral

6

surroundings." *Id*. at 1348 (citation and quotation marks omitted).  The custody inquiry presumes an objectively reasonable interviewee—"the actual, subjective beliefs of the defendant and the interviewing officer on whether the defendant was free to leave are irrelevant." *Id*. at 1347 (quoting *United States v. Moya*, 74 F.3d 1117, 1119 (11th Cir. 1996)).

Caswell argues that he was interrogated while in custody because he was repeatedly questioned about his use of Playpen and possession of child pornography, was accused of being untruthful, and was told that law enforcement knew he had accessed child pornography.  Caswell also points out that six or seven officers executed the search warrant, that he was questioned for nearly three hours, and that he was not permitted to call his wife when he asked to do so.  Caswell contends that because no reasonable, innocent person would have felt free to leave under the same circumstances, he was in custody and thus entitled to *Miranda* warnings.  Because the agents failed to give the warnings, he asserts, the district court should have suppressed his statements.

There is no plain error here.  To be sure, this is not the clearest case of a non-custodial interview.  As Caswell points out, there were six or seven officers present, accusing him of lying, for up to three hours.  That being said, under the totality of the circumstances, a reasonable person likely would have felt free to leave: Caswell had agreed to speak with the officers on his own back patio, was

not under arrest, and was not physically restrained. *See Luna-Encinas*, 603 F.3d at 881. The officers also told him "[u]nambiguously" that he was free to leave, could refuse to talk to them, and was not going to be arrested that day. *See Brown*, 441 F.3d at 1347. Caswell points to no "on-point precedent" finding a custodial interview on facts such as these; accordingly, it was in no way "clear or obvious" error for the district court to conclude that he was not in custody for *Miranda* purposes. *Schultz*, 565 F.3d at 1357; *Corbett*, 921 F.3d at 1037 (citation omitted). Therefore, the district court did not plainly err in determining that Caswell was not entitled to *Miranda* warnings or in denying his motion to suppress the statements made during the interview.

**AFFIRMED.**