[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-11093

Non-Argument Calendar

_____

ALLEN OKECHUKWU CAUDLE,

Plaintiff-Appellant,

*versus*

UNITED STATES OF AMERICA,
FULTON COUNTY, STATE OF GEORGIA,
COBB COUNTY,
CITY OF SANDY SPRINGS,
NATIONAL SECURITY AGENCY,

Defendants-Appellees,

CITY OF ALPHARETTA, et al.,

2                    Opinion of the Court                    23-11093

Defendants.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:22-cv-04865-SDG

_____

Before WILSON, ROSENBAUM, and BRASHER, Circuit Judges.

PER CURIAM:

Because Allen Caudle's notice of appeal does not identify any district court order or otherwise indicate what he challenges on appeal, we asked the parties to address this jurisdictional issue. None of the parties have filed a response to the jurisdictional question.

Upon our review of the record, we DISMISS this appeal for lack of jurisdiction. The district court has not entered a final order resolving Caudle's claims or otherwise ending the litigation on the merits. *See* 28 U.S.C. § 1291 (providing that our jurisdiction is generally limited to final decisions of the district courts); *Acheron Cap., Ltd. v. Mukamal*, 22 F.4th 979, 986 (11th Cir. 2022). Additionally, the interlocutory orders that have been entered in this action—a magistrate judge's orders regarding Caudle's application for leave to proceed *in forma pauperis* and a standing order regarding civil litigation—are not immediately appealable. *See Plaintiff A v. Schair*, 744 F.3d 1247, 1252-53 (11th Cir. 2014) (explaining that a ruling that

23-11093                Opinion of the Court                3

does not conclude the litigation may be appealed under the collateral order doctrine if it, *inter alia*, is "effectively unreviewable on appeal from a final judgment"); *United States v. Schultz*, 565 F.3d 1353, 1359 (11th Cir. 2009) (holding that we lack jurisdiction to hear appeals directly from a magistrate judge's ruling, and an appeal from such a ruling must be taken to the district court).