[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-13944

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DAMEON LASHAWN NIX,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 1:20-cr-00215-CLM-SGC-1

_____

Before ROSENBAUM, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

Dameon Nix appeals his convictions for bank robbery by force or violence and discharging a firearm during and in relation to a crime of violence. He argues that a magistrate judge erred in finding him competent to stand trial because more evaluation was required.

A district court's decision on a competency issue is a factual determination that we ordinarily review for clear error. *United States v. Hogan*, 986 F.2d 1364, 1371 (11th Cir. 1993). But we lack jurisdiction to hear an appeal on the merits of a magistrate judge's ruling where the district court had no opportunity to effectively review the ruling. *United States v. Shultz*, 565 F.3d 1353, 1359–60 (11th Cir. 2009); *see also United States v. Renfro*, 620 F.2d 497, 500 (5th Cir. 1980) ("The law is settled that appellate courts are without jurisdiction to hear appeals directly from federal magistrates.").[1] When a party fails to challenge a magistrate judge's order in the district court, the district court has no opportunity to effectively review the magistrate judge's ruling. *Shultz*, 565 F.3d at 1359; *see also United States v. Brown*, 441 F.3d 1330, 1352 (11th Cir. 2006) ("We

---

[1] Fifth Circuit decisions issued before October 1, 1981, are binding as precedent in the Eleventh Circuit. *See Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

lack jurisdiction to review the magistrate judge's order because Brown never appealed the ruling to the district court").

Here, the record does not indicate that Nix objected to or otherwise appealed to the district court the magistrate judge's order finding that he was competent to stand trial. As such, the district court had no opportunity to review the magistrate judge's ruling, and we do not have jurisdiction to review this challenge. This appeal is therefore **DISMISSED.**