[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-13687

Non-Argument Calendar

_____

MATTHEW A. TOBIN,

Plaintiff-Appellant,

*versus*

FLORIDA DEPARTMENT OF CORRECTIONS,
OKALOOSA CORRECTIONAL INSTITUTION,
FLORIDA STATE PRISON,
CHARLOTTE CORRECTIONAL INSTITUTION,
SANTA ROSA CORRECTIONAL INSTITUTION,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 3:24-cv-00356-MCR-HTC

———————————

Before JILL PRYOR, ABUDU, and WILSON, Circuit Judges.

PER CURIAM:

This appeal is DISMISSED, *sua sponte*, for lack of jurisdiction. Matthew Tobin, proceeding *pro se*, appeals from the magistrate judge's order denying his second motion for clarification. We lack jurisdiction to review the order because it has not been reviewed or rendered final by the district court. *See* 28 U.S.C. § 1291 (providing that appellate jurisdiction is generally limited to "final decisions of the district courts"); *Donovan v. Sarasota Concrete Co.*, 693 F.2d 1061, 1066-67 (11th Cir. 1982) ("Decisions by a magistrate pursuant to 28 U.S.C. § 636(b) are not final orders and may not be appealed until rendered final by a district court."); *United States v. Schultz*, 565 F.3d 1353, 1359 (11th Cir. 2009) (explaining that we lack jurisdiction to review a magistrate judge's decision if the district court had no opportunity to review it).

No petition for rehearing may be filed unless it complies with the timing and other requirements of 11th Cir. R. 40-3 and all other applicable rules.