[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 24-13642

Non-Argument Calendar

_____

MATTHEW A. TOBIN,

Plaintiff-Appellant,

*versus*

FLORIDA DEPARTMENT OF CORRECTIONS,
OKALOOSA CORRECTIONAL INSTITUTION,
FLORIDA STATE PRISON,
CHARLOTTE CORRECTIONAL INSTITUTION,
SANTA ROSA CORRECTIONAL INSTITUTION,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 3:24-cv-00356-MCR-HTC

_____

Before GRANT, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

This appeal is DISMISSED, *sua sponte*, for lack of jurisdiction. Matthew Tobin, proceeding *pro se*, appeals from the magistrate judge's October 25, 2024 order denying his motion for default judgment or, alternatively, change of venue and striking his filing titled "Notice." We lack jurisdiction to review the order because it has not been reviewed or rendered final by the district court. *See* 28 U.S.C. § 1291 (providing that appellate jurisdiction is generally limited to "final decisions of the district courts"); *Donovan v. Sarasota Concrete Co.*, 693 F.2d 1061, 1066-67 (11th Cir. 1982) ("Decisions by a magistrate [judge] pursuant to 28 U.S.C. § 636(b) are not final orders and may not be appealed until rendered final by a district court."); *United States v. Schultz*, 565 F.3d 1353, 1359 (11th Cir. 2009) (explaining that we lack jurisdiction to review a magistrate judge's decision if the district court had no opportunity to review it).

All pending motions are DENIED as moot. No petition for rehearing may be filed unless it complies with the timing and other requirements of 11th Cir. R. 40-3 and all other applicable rules.