[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10512
Non-Argument Calendar
_____

D.C. Docket No. 6:12-cr-00005-BAE-GRS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTONIO LAMONT MURRAY,
a.k.a. Mont,
a.k.a. Bo Hog,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(September 23, 2013)

Before HULL, WILSON and JORDAN, Circuit Judges.

PER CURIAM:

Antonio Lamont Murray appeals his convictions for one count of conspiracy to kidnap, in violation of 18 U.S.C. § 1201(c), two counts of kidnapping, in violation of 18 U.S.C. § 1201(a)(1) and (c), three counts of using a gun during a crime of violence, in violation of 18 U.S.C. § 924(c), and one count obstruction of justice, in violation of 18 U.S.C. § 1512(c)(2).  He is currently serving a total sentence of life imprisonment, plus 684 months, to run consecutively.

## I.

Before trial, Murray filed motions for funds to obtain expert witnesses in voice identification and deoxyribonucleic acid (DNA) analysis.  A magistrate judge denied the motions because Murray had failed to demonstrate that the experts' services were necessary for him to present an adequate defense.  Specifically, the magistrate judge found that Murray had failed to show that the voice testimony was the primary evidence implicating his involvement in the offenses, or that the government did not have additional compelling evidence linking him to the criminal conduct.  Murray additionally failed to explain why a lay witness would be incapable of refuting the government's evidence.  Similarly, with regard to the DNA expert, Murray did not explain what DNA evidence the government had obtained or what evidentiary value the purported DNA had in the government's case.  Murray subsequently re-filed his motions, and the magistrate judge granted his motion in part, approving up to $2400 in expenditures for an

2

expert DNA witness.  Murray did not object to the magistrate judge's order, nor did he appeal any of the denials to the district court.

At trial, the government called Charity Davis, an expert witness in forensic serology and forensic DNA, to testify about a DNA sample that was obtained from a soda can found at one of the crime scenes.  Davis stated that based on the DNA test results that were conducted by biologists at her lab, she was able to conclude that the DNA from the crime scene matched Murray's DNA.  Murray objected to this testimony, arguing that Davis was only interpreting the results of the biologists and that instead, the biologists should be required to testify about the tests and the test results.

On appeal, Murray first argues that he was deprived of his Sixth Amendment right to assistance of counsel and of his right to due process when the magistrate judge denied his motions for expenditures to obtain expert witnesses.  He further contends that his counsel was ineffective because the denial of his motions prevented him from providing a meaningful adversarial testing of the prosecution's case.

Murray next argues that Davis's testimony violated his right to confront the witnesses against him.  He contends that Davis's testimony was based exclusively on hearsay and findings made by the lab biologists who were not present at trial.  His inability to cross-examine those individuals or challenge their testimony at trial

3

violated the Confrontation Clause.  The government contends that Murray did not properly raise a Confrontation Clause objection at trial, and, thus, this issue should be reviewed for plain error only.  After a thorough review of the record and the parties' briefs, we affirm.

## II.

We lack jurisdiction to hear appeals directly from federal magistrate judges. *United States v. Schultz*, 565 F.3d 1353, 1359 (11th Cir. 2009) (per curiam).  Rule 59(a) of the Federal Rules of Criminal Procedure provides that a district court may refer "any matter that does not dispose of a charge or defense" to a magistrate judge.  The magistrate judge must then enter an order and allow the parties to file objections within 14 days of their receipt of the order.  Fed. R. Crim. P. 59(a). Failure to object to the magistrate judge's order waives a party's right to review. *Id.*  In *Schultz*, we determined that we lacked jurisdiction to review the magistrate judge's denial of the defendant's motion for self-representation because the defendant had failed to appeal the decision to the district court.  565 F.3d at 1361–62.  In this case because Murray did not appeal the magistrate judge's denials of his motions to the district court, we lack jurisdiction to rule on his claim regarding the denials of his motions for expenditures.  *See id.* at 1359.

As to Murray's next argument, we "will not generally consider claims of ineffective assistance of counsel raised on direct appeal where the district court did

not entertain the claim nor develop a factual record." *United States v. Bender*, 290 F.3d 1279, 1284 (11th Cir. 2002).  An appellate court generally cannot adequately decide an ineffective-assistance of counsel claim raised for the first time on direct appeal because the focus at trial did not analyze whether defense counsel's actions were prejudicial or supported by reasonable strategy.  *Massaro v. United States*, 538 U.S. 500, 504–05, 123 S. Ct. 1690, 1693–94 (2003).  The preferred avenue for deciding a claim of ineffective assistance of counsel is by way of a habeas corpus petition, "even if the record contains some indication of deficiencies in counsel's performance."  *Id.* at 504, 123 S. Ct. at 1694.  Accordingly, we decline to review at this time whether Murray's trial counsel was ineffective.  *See id.* at 504–05, 123 S. Ct. at 1693–94.

## III.

Murray further argues that Davis's testimony violated the Confrontation Clause.  We review preserved claims of constitutional error de novo.  *United States v. Brown*, 364 F.3d 1266, 1268 (11th Cir. 2004).  However, where a defendant did not lodge a timely Confrontation Clause objection, we review for plain error only.  *United States v. Arbolaez*, 450 F.3d 1283, 1291 (11th Cir. 2006) (per curiam).  "A hearsay objection to testimony at trial, standing alone, does not preserve a constitutional challenge under the Confrontation Clause for appeal."  *Id.* at 1291 n.8.

5

The Sixth Amendment's Confrontation Clause states that a criminal defendant has the right to be confronted with the witnesses against him.  The Confrontation Clause protects a defendant's right to confront those individuals who make "testimonial" statements against him.  *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 309–10, 129 S. Ct. 2527, 2531 (2009) (citing *Crawford v. Washington*, 541 U.S. 36, 51–52 124 S. Ct. 1354, 1364 (2004)).

Murray is unable to show any error, plain or otherwise.  Murray argues that the Confrontation Clause requires the biologists who conducted the underlying DNA tests to be present at trial or be subjected to cross-examination before trial.  He is mistaken.  In *Williams v. Illinois*, the Supreme Court found that an expert's reliance on a DNA profile produced by an outside lab does not run afoul to the Confrontation Clause

> because that provision has no application to out-of-court statements that are not offered to prove the truth of the matter asserted.  When an expert testifies for the prosecution in a criminal case, the defendant has the opportunity to cross-examine the expert about any statements that are offered for their truth.  Out-of-court statements that are related by the expert solely for the purpose of explaining the assumptions on which that opinion rests are not offered for their truth and thus fall outside the scope of the Confrontation Clause.

—U.S.—, 132 S. Ct. 2221, 2228 (2012).  At Murray's trial, Davis testified that the outside tests revealed that the DNA extracted from the soda can matched a known sample from Murray.  Under the Supreme Court's decision in *Williams*, Davis's testimony did not violate the Confrontation Clause.  *See id.*

6

**AFFIRMED.**