[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-15210
Non-Argument Calendar

_____

D.C. Docket No. 4:12-cr-00086-WTM-GRS-6

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RASHELLA REED,
DERRICK JAMEIN ROBINSON,
a.k.a. Dred,
TORY HARDWICK,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Southern District of Georgia

_____

(November 5, 2014)

Before WILLIAM PRYOR, JULIE CARNES and FAY, Circuit Judges.

PER CURIAM:

Rachelle Reed, Derrick Robinson, and Tory Hardwick appeal their convictions and sentences for conspiring to commit wire fraud, 18 U.S.C. § 1349, and to launder money, *id.* § 1956(h). Reed and Robinson challenge the denial of their joint motion for funds to hire an investigator. Robinson also challenges the six-level enhancement of his base offense level to account for the number of his victims. *See* United States Sentencing Guidelines Manual § 2B1.1(b)(2)(C) (Nov. 2012). Hardwick challenges the determination of the amount of loss. We affirm.

We lack jurisdiction to review Reed and Robinson's challenge to the denial of their motion for investigative funds. "The law is settled that appellate courts are without jurisdiction to hear appeals directly from federal magistrates." *United States v. Schultz*, 565 F.3d 1353, 1359 (11th Cir. 2009) (quoting *United States v. Renfro*, 620 F.2d 497, 500 (5th Cir. 1980)). A magistrate judge denied Reed and Robinson's joint motion, and neither defendant sought review of that decision in the district court. We cannot review the decision of the magistrate judge.

The district court did not clearly err by enhancing Robinson's base offense level by six levels to account for the large number of his victims. Robinson purchased, at 65 percent of face value, thousands of electronic transfer cards and vouchers that had been issued to children as part of the Georgia Women, Infants, and Children Program (WIC Program) and the Supplemental Nutrition Assistance Program. Robinson then delivered the cards and vouchers to cashiers at children's

2

stores that he knew would charge the cards and redeem the vouchers using fraudulent transactions and would give him cash in the amount of the transactions. Robinson argues that the only victim of his offense is the United States Department of Agriculture, which administered the state benefits programs. But a victim is "any person who sustain[s] any part of the actual loss" of an offense. U.S.S.G. § 2B1.1 cmt. n.1. As explained in the presentence investigation report adopted by the district court, the victims of Robinson's fraud included the children who were named on the cards and vouchers as the intended beneficiaries of the programs. A defendant is subject to a six-level enhancement of his base offense level when an offense involves more than 250 victims, *id.* § 2B1.1(b)(2)(C), and Robinson does not dispute that the conspiracy involved the acquisition and fraudulent use of more than 250 cards and vouchers.

Even if the district court had erred by enhancing Robinson's sentence, the error would have been harmless. *See United States v. Keene*, 470 F.3d 1347, 1348–49 (11th Cir. 2006). The district court varied downward 90 months from the low end of Robinson's advisory guideline range of 235 to 293 months of imprisonment based on the statutory sentencing factors, *see* 18 U.S.C. § 3553, and sentenced Robinson as if the enhancement did not apply. The district court stated that, even if it had not applied the enhancement, Robinson would have had a guideline range between 121 and 151 months of imprisonment, and the district court sentenced

3

Robinson within that range to avoid any unwarranted sentencing disparities and to enable him to pay restitution. *See id.* § 3553(a)(6), (7). The enhancement did not affect Robinson's sentence.

The district court also did not clearly err in determining that Hardwick was responsible for a monetary loss of more than $6 million. A defendant is accountable for the amount of loss, U.S.S.G. § 2B1.1(b)(1), which is based on his relevant conduct and includes the losses caused by his acts and omissions and those caused by "all reasonably foreseeable acts and omissions of others in furtherance of [their] jointly undertaken criminal activity," *id.* § 1B1.3(a)(1)(A), (B). Between November 16, 2009, and January 21, 2011, Hardwick conspired with his father, Robinson, and numerous others to acquire and fraudulently use electronic transfer cards and vouchers. The district court found that Hardwick moved from Tennessee to Georgia to live with his father; he attended a week of training with 50 other coconspirators to learn how the conspiracy operated among 14 stores in Georgia and how to thwart detection by law enforcement and regulatory officials; he was taught at A Babies Castle how to process fraudulent transactions as a cashier and how to notify cohorts when he needed to replenish his supply of cash; and he worked regularly at The Baby Spot, where he charged cards and redeemed vouchers in false transactions and paid cash to the coconspirators who delivered cards and vouchers to the store. Between 2009 and 2011, The Baby

4

Spot processed more than 10,000 cards and vouchers, and during Hardwick's tenure, the conspiracy processed fraudulent transactions that totaled $6,784,634.79. Although Hardwick worked solely as a cashier, the district court was entitled to find that Hardwick knew about and reasonably should have foreseen the scope and magnitude of the conspiracy, *see United States v. Hunter*, 323 F.3d 1314, 1319–20 (11th Cir. 2003), and to hold him responsible for the number of fraudulent transactions conducted by him and his coconspirators between November 2009 and January 2011, *see United States v. Dabbs*, 134 F.3d 1071, 1081–82 (11th Cir. 1998). Hardwick does not challenge the finding that he and his coconspirators caused more than $6 million in losses, *see* U.S.S.G. § 2B1.1(b)(1)(J), or the order that held him jointly and severally responsible for paying restitution to the Department for its loss, *see* 18 U.S.C. § 3663A(a)(2); *United States v. Robertson*, 493 F.3d 1322, 1333–34 (11th Cir. 2007).

We **AFFIRM** the convictions and sentences of Reed, Robinson, and Hardwick.