[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12870
Non-Argument Calendar
_____

D.C. Docket No. 1:08-cr-00286-CG-C-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TERRENCE DION WASHINGTON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(September 14, 2015)

Before HULL, ROSENBAUM, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Defendant Terrence Dion Washington appeals his sentence for possession of

a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  Upon

re-sentencing,[1] the district court sentenced him to 37 months' imprisonment and a three-year term of supervised release.  On appeal, Defendant does not challenge his 37-month term of imprisonment.  Rather, Defendant argues that his three-year term of supervised release is procedurally unreasonable because the district court failed to provide an explanation for imposing such a term and did not explain its consideration of the 18 U.S.C. § 3553(a) factors.  He also argues that the three-year term is excessive and substantively unreasonable.  After review, we affirm.

We generally review the reasonableness of a sentence for an abuse of discretion using a two-step process.  *United States v. Pugh*, 515 F.3d 1179, 1190 (11th Cir. 2008).  However, where a defendant seeks to raise a sentencing argument for the first time on appeal, we review that claim for plain error.  *United States v. Aguillard*, 217 F.3d 1319, 1320 (11th Cir. 2000).  Under plain error review, we will reverse where there is "(1) an error (2) that is plain and (3) that has affected the defendant's substantial rights; and . . . (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Madden*, 733 F.3d 1314, 1322 (11th Cir. 2013).  To be plain, an error must be contrary to an explicit statutory provision or on-point binding precedent.  *United*

---

[1] Defendant pled guilty to possession of a firearm by a convicted felon in November 2008.  It was originally determined that Defendant was an armed career criminal, and the district court sentenced him to 180 months' imprisonment.  However, one of Defendant's predicate offenses was subsequently vacated by the state court, and Defendant filed a 28 U.S.C. § 2255 motion to vacate, arguing that he should be resentenced without the armed career criminal enhancement. The district court granted Defendant's § 2255 motion.

*States v. Schultz*, 565 F.3d 1353, 1357 (11th Cir. 2009).  To show that an error

affected his substantial rights, a defendant must demonstrate that the error

substantially influenced or left "grave doubt" as to the proceeding's outcome.

*United States v. Turner*, 474 F.3d 1265, 1276 (11th Cir. 2007).

In reviewing the reasonableness of a sentence, we first look to whether the

district court committed any significant procedural error, such as miscalculating

the advisory guideline range, treating the Sentencing Guidelines as mandatory,

failing to consider the 18 U.S.C. § 3553(a) factors,[2] selecting a sentence based on

clearly erroneous facts, or failing to adequately explain the chosen sentence.  *Pugh*,

515 F.3d at 1190.  At the time of sentencing, a district court must state the reasons

for imposing a particular sentence.  18 U.S.C. § 3553(c); *United States v. Livesay*,

525 F.3d 1081, 1090 (11th Cir. 2008).  Generally, when the sentence imposed is

within the advisory guideline range, "the district court is not required to give a

lengthy explanation for its sentence if the case is typical of those contemplated by

the Sentencing Commission." *Livesay*, 525 F.3d at 1090.  A district court's

acknowledgment that it considered the § 3553(a) sentencing factors and parties'

arguments is sufficient, and it need not state on the record that it explicitly

---

[2] The § 3553(a) factors to be considered in imposing a term of supervised release include:  (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for deterrence; (3) the need to protect the public; (4) the need to provide the defendant with needed educational or vocational training or medical care; (5) the Sentencing Guidelines range; (6) pertinent policy statements of the Sentencing Commission; (7) the need to avoid unwarranted sentencing disparities; and (8) the need to provide restitution to victims.  18 U.S.C. §§ 3553(a), 3583(c).

3

considered each of § 3553(a)'s sentencing factors, or discuss each of those individual factors. *United States v. Dorman*, 488 F.3d 936, 938 (11th Cir. 2007).

Then, we examine whether the sentence is substantively unreasonable in light of the § 3553(a) factors and the totality of the circumstances. *Pugh*, 515 F.3d at 1190. The party challenging the sentence bears the burden of showing that it is unreasonable. *Id.* at 1189. We will reverse only if "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Id.* at 1191 (quotation marks omitted).

As to Defendant's procedural reasonableness argument, the district court did not plainly err by failing to separately explain its decision to impose the three-year term of supervised release. Defendant does not cite to any authority requiring the district court to make specific findings of fact to separately justify the imposed supervised release term. Because there is no on-point binding authority requiring a separate justification for the supervised release term, any error cannot be plain. *Schultz*, 565 F.3d at 1357. Moreover, the district court adequately explained the chosen sentence, including the supervised release term, which was within the advisory guidelines range of one to three years. Specifically, the court indicated that it had considered the history of Defendant's case, Defendant's criminal

4

history, the seriousness of Defendant's offense, and the need to punish, deter, and incapacitate Defendant.  Based on these factors, the district court expressed its belief that a within-guideline sentence was appropriate.  This explanation was sufficient to demonstrate that the court considered the parties' resentencing arguments and had a reasoned basis for imposing its chosen supervised release term.  *See Livesay*, 525 F.3d at 1090; *Dorman*, 488 F.3d at 938.  Moreover, given this explanation, Defendant cannot show that the district court's alleged error affected his substantial rights and the outcome would have been different had the court provided a separate explanation.  *See Turner*, 474 F.3d at 1276.

Defendant also has not shown that his three-year term of supervised release is substantively unreasonable.  Defendant's term does not exceed the three-year statutory maximum and is within the advisory guideline range.  *See United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008) (explaining that, while we do not apply a presumption, we ordinary expect a sentence inside the advisory guidelines range to be reasonable); *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (citing the fact that the sentence imposed was well below the statutory maximum as an indication of reasonableness).  *See also* 18 U.S.C. §§ 3583(b)(2), 924(a)(2), 3559(a)(3); U.S.S.G. § 5D1.2(a)(2).

Defendant does not explain why his guideline-range term of supervised release is greater than necessary to comply with the statutory sentencing goals.

5

The fact that the district court sentenced him to the high end of the supervised release guideline range, after sentencing him to the low end of the custodial advisory guideline range, does not render his supervised release term substantively unreasonable.  Given Defendant's lengthy criminal history, which includes numerous prior convictions for theft, robbery, burglary, drug offenses, and forgery, and the need to deter Defendant from future criminal conduct, we are not left with the firm and definite conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors and sentencing Defendant to a three-year term of supervised release.  *See Pugh*, 515 F.3d at 1191.

For all these reasons, Defendant's three-year term of supervised release is **AFFIRMED.**