[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13465
Non-Argument Calendar
_____

D.C. Docket No. 2:12-cr-00501-LSC-TMP-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BINIAM ASGHEDOM,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(March 29, 2016)

Before WILSON, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Biniam Asghedom appeals his conviction and 10-year prison sentence for one count of possession with intent to distribute cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).  On appeal, Asghedom argues first that the magistrate judge abused his discretion by disqualifying his counsel, in violation of his Sixth Amendment right to counsel of choice.  Second, the district court erred by failing to suppress the evidence stemming from a search of his vehicle because he did not provide consent, the stop was impermissibly extended, and it stemmed from an illegal GPS tracking of his vehicle.  Third, his right to due process was violated by the government's failure to disclose the existence of the GPS and pole camera devices.  Fourth, his sentence was procedurally and substantively unreasonable because the court relied on improper factors.

## (1) Disqualification of Counsel

Under 28 U.S.C. § 636(b)(1)(A), magistrate judges are authorized to hear and determine any pretrial matter, except for certain exceptions.  The decision to disqualify counsel is not one of the exceptions listed in § 636(b)(1)(A).  Further, pursuant to Federal Rule of Criminal Procedure 59(a), after a magistrate judge enters an order on a non-dispositive matter, a party must file objections to that order within 14 days, or the party waives the right to review.  Moreover, we do not have jurisdiction to hear appeals directly from federal magistrate judges.  *United States v. Schultz*, 565 F.3d 1353, 1359 (11th Cir. 2009).

2

Because Asghedom did not object to the magistrate judge's order, he waived the right to review because we do not have jurisdiction to hear appeals directly from the magistrate judge.

(2) Vehicle Search

We review a district court's denial of a motion to suppress evidence as a mixed question of law and fact. *United States v. Lewis,* 674 F.3d 1298, 1302 (11th Cir. 2012). Rulings of law are reviewed *de novo*, while the district court's findings of fact are reviewed for clear error, in the light most favorable to the prevailing party below. *Id*. at 1302-03.

When police stop a motor vehicle, even for a brief period, a Fourth Amendment "seizure" occurs. *Whren v. United States*, 517 U.S. 806, 809-10, 116 S. Ct. 1769, 1772, 135 L. Ed.2d 89 (1996). The stop's duration must be limited to the time necessary to effectuate the purpose of the stop. *United States v. Ramirez*, 476 F.3d 1231, 1236 (11th Cir. 2007). Therefore, in the context of a lawful traffic stop, a seizure is unlawful "if it is prolonged beyond the time reasonably required to complete the mission of issuing a ticket for the violation." *Rodriguez v. United States*, 575 U.S.___, 135 S. Ct. 1609, 1612, 191 L. Ed.2d 492 (2015) (quotation omitted). Besides determining whether to issue a ticket, an officer's mission includes "ordinary inquiries incident to the traffic stop." *Id.* 575 U.S. at___, 135 S. Ct. at 1615. These inquiries typically involve checking the driver's license,

3

determining whether there are outstanding warrants, and inspecting registration and insurance documents.  *Id.*

However, in the absence of reasonable suspicion, further questioning is allowed only if the initial detention has become a consensual encounter.  *United States v. Pruitt*, 174 F.3d 1215, 1220 (11th Cir. 1999).  Although there is no bright-line test for determining whether a traffic stop is a seizure or a consensual encounter, we examine the totality of the circumstances, including whether there is any police coercion, whether the exchange is cooperative in nature, and whether the defendant had everything reasonably required to leave.  *Ramirez*, 476 F.3d at 1240.  The Supreme Court has instructed that the ultimate, objective inquiry remains whether "a reasonable person would feel free to terminate the encounter."  *United States v. Drayton*, 536 U.S. 194, 201, 122 S. Ct. 2105, 2110, 153 L. Ed.2d 242 (2002).  Therefore, where a reasonable person would feel free to decline the requests of law enforcement or otherwise terminate the encounter, the encounter is consensual, and the Fourth Amendment is not implicated.  *Ramirez*, 476 F.3d at 1238.

In *Ramirez*, the defendant argued that once the officer confirmed that Ramirez's vehicle was not stolen and was advised that Ramirez had a clean driving record, there was no basis to continue to detain Ramirez.  *Id.* at 1236.  According to this argument, after the issuance of the traffic citation, and after the officer's

suspicions of illegality had been completely dispelled, Ramirez was free to go, but nevertheless, the officer asked Ramirez an additional question - whether he had anything illegal in his vehicle - which, Ramirez contended, extended his detention unnecessarily. *Id.* We affirmed the district court's findings that the officer had returned Ramirez's license and registration to him prior to instigating any additional questioning about contraband in the car, noting that the follow-up discussion with the officer appeared to have been fully cooperative and non-coercive. *Id.* at 1239-40. Therefore, we held that Ramirez's stop became a consensual encounter at the time when the officer asked Ramirez whether he had anything illegal in his car, and thus, Ramirez was not "detained" for Fourth Amendment purposes. *Id.* at 1237, 1239-40. We clarified that the fact that Ramirez chose to answer a follow-up question, instead of terminating the encounter, did not change the fact that it had converted from a traffic stop into a consensual encounter. *Id.* at 1240. Viewing the totality of the circumstances, we concluded that a reasonable person in Ramirez's circumstances would have felt free to terminate the encounter and to decline the officer's request for further information, and, accordingly, Ramirez's Fourth Amendment rights were not implicated. *Id.*

Moreover, a search of a vehicle is reasonable under the Fourth Amendment when law enforcement receives a person's voluntary consent to search.

5

*Schneckloth v. Bustamonte*, 412 U.S. 218, 219, 222, 93 S. Ct. 2041, 2043-44, 2046, 36 L. Ed.2d 854 (1973).

Even when evidence is obtained in violation of the Fourth Amendment, the Fourth Amendment does not say anything about suppressing that evidence. *Davis v. United States*, 564 U.S. 229, 131 S. Ct. 2419, 2426, 180 L. Ed. 285 (2011). Exclusion is "not a personal constitutional right," and the sole purpose of the exclusionary rule is to deter future Fourth Amendment violations. *Id.* (quotation omitted). When law enforcement acts with an objectively "reasonable good-faith belief" that their conduct is lawful, the "deterrence rationale loses much of its force." *Id.* at ___, 131 S. Ct. at 2427-28 (quotation omitted). In *Davis*, the Supreme Court extended the good-faith exception to the exclusionary rule to situations where police conduct was in objectively reasonable reliance on binding appellate precedent. *Id.* at ___, 131 S. Ct. at 2434.

In *United States v. Smith*, 741 F.3d 1211, 1217-18 (11th Cir. 2013), the defendant claimed that his Fourth Amendment rights were violated when warrantless GPS surveillance was performed, which led to a search warrant of his home. We held that the good-faith exception to the exclusionary rule applied. *Id.* at 1220. We held that the officers relied on then-binding, but subsequently overruled, appellate precedent because at the time the officers attached the trackers, our precedent in *United States v. Michael*, 645 F.2d 252 (5th Cir. 1981)

(*en banc*) specifically allowed officers to install "an electronic tracking device" on a vehicle upon a showing of reasonable suspicion. *Id.* (quotation omitted). We further held that although *Michael* involved a beeper, and *Smith* involved a GPS tracking device, a GPS device was nonetheless an "electronic tracking device," and therefore, the officers followed our precedent to the letter. *Id.* at 1222.

Here, because Asghedom had already been issued a verbal warning, because there was no coercive police behavior, and because the encounter appeared to be cooperative, the traffic stop had converted into a consensual encounter and, therefore, it was not impermissibly extended. Further, the evidence presented indicated that Asghedom had consented to a search of the vehicle, and therefore, his Fourth Amendment rights were not implicated.

Further, although the GPS tracking device was affixed on his vehicle without a warrant, the good-faith exception to the exclusionary rule applied because law enforcement relied on then-binding appellate precedent.

(3) Due Process Violation

We review *de novo* an alleged violation of *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed.2d 215 (1963)*. Wright v. Hopper*, 169 F.3d 695, 701 (11th Cir. 1999). A defendant's due process rights are violated when the prosecution suppresses material evidence favorable to the defendant. *Brady*, 373 U.S. at 87, 83 S. Ct. at 1196-97. To prove a *Brady* violation, "(1) The evidence at

7

issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; (2) that evidence must have been suppressed by the State, either willfully or inadvertently; and (3) prejudice must have ensued." *Allen v. Sec'y, Fla. Dep't of Corr.*, 611 F.3d 740, 745-46 (11th Cir. 2010). The prejudice or materiality requirement is satisfied if there is a reasonable probability that, if the evidence had been disclosed to the defense, the ultimate result would have been different. *Id.* at 746.

Asghedom's *Brady* rights were not violated, because he cannot show that there would have been a different result had the evidence been originally disclosed. Asghedom had the chance to pursue his Fourth Amendment challenge, based on the GPS and pole camera devices, and there would not have been a different result had he learned of those devices earlier.

(4) Procedural and Substantive Reasonableness

We review the reasonableness of a sentence under a deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591, 169 L. Ed. 2d 445 (2007). In reviewing for a district court's abuse of discretion, we look to both the procedural and substantive reasonableness of the sentence imposed. *Id.* at 51, 128 S. Ct. at 597.

We first ensure that the district court committed no significant procedural error, such as failing to or improperly calculating the guidelines range, treating the

8

Guidelines as if they were mandatory, failing to consider the factors under 18 U.S.C. § 3553(a), selecting a sentence based on clearly erroneous facts, or failing to explain the chosen sentence adequately, including an explanation for deviating from the guidelines range. *Id.*

Regarding substantive reasonableness, we review the sentence in light of the totality of the circumstances. *Id.* The party who challenges the sentence bears the burden to show that the sentence is unreasonable in light of the record and the § 3553(a) factors. *United States. v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010). The district court must impose a sentence "sufficient, but not greater than necessary to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), including the need to reflect the seriousness of the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. *See* 18 U.S.C. § 3553(a)(2). In imposing a particular sentence, the court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, pertinent policy statements, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)-(7).

District courts are not required to conduct an accounting of every factor and explain the role each played in the sentencing decision. *United States v. Robles*, 408 F.3d 1324, 1328 (11th Cir. 2005). Further, the weight given to any specific

factor is committed to the sound discretion of the district court. *United States v. Dougherty*, 754 F.3d 1353, 1361 (11th Cir. 2014). However, "[a] district court abuses its discretion when it (1) fails to consider relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010)(*en banc*)(quotation omitted). Moreover, a district court's unjustified reliance on any one factor may be a symptom of an unreasonable sentence. *United States v. Crisp*, 454 F.3d 1285, 1292 (11th Cir. 2006).

First, Asghedom's sentence was procedurally reasonable because the court was permitted to consider his history and characteristics, and the evidence of other criminal acts he was involved in was relevant to that inquiry.  Second, his sentence was substantively reasonable because the district court based its upward variance on Asghedom's involvement in a drug conspiracy, his disregard of the purpose of jail, and the fact that he gave law enforcement a fake name, and the weight given to any of the § 3553 factors is within the discretion of the district court.

AFFIRMED.

10