[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 18-13773
Non-Argument Calendar

————————————————

D.C. Docket No. 1:17-cr-00003-MW-GRJ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARTHUR LARANGE LEE, JR.,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Northern District of Florida

————————————————

(August 20, 2019)

Before MARTIN, FAY, and ANDERSON, Circuit Judges.

PER CURIAM:

Arthur Lee Jr. appeals his convictions for sex trafficking by force, in violation of 18 U.S.C. § 1591(a)(1), (b)(1) and two counts of racketeering by prostitution, in violation of 18 U.S.C. § 1952(a)(3).  On appeal, he challenges the district court's entry of judgments of convictions for two racketeering by prostitution offenses under 18 U.S.C. § 1952, and the entry of a judgment of conviction for both a § 1952 violation and a violation of 18 U.S.C. § 1591, on the grounds that doing so violated his rights under the Double Jeopardy Clause.

As an initial matter, both of Lee's challenges raise double jeopardy claims that were not preserved for appellate review, and Lee concedes this point.  We typically review claims of double jeopardy *de novo* but review claims not properly raised before the district court for plain error.  *United States v. Bobb*, 577 F.3d 1366, 1371 (11th Cir. 2009).  To satisfy plain error, a defendant must show: "(1) there was an error in the district court proceedings; (2) the error was plain; (3) the error affected the defendant's substantial rights; and (4) the error "seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings." *Id.* (citations omitted).  "An error is not plain unless it is contrary to explicit statutory provisions or to on-point precedent in this Court or the Supreme Court." *United States v. Schultz*, 565 F.3d 1353, 1357 (11th Cir. 2009).

The Double Jeopardy Clause of the Fifth Amendment protects against, among other things, multiple punishments for the same offense.  *Brown v. Ohio*,

2

432 U.S. 161, 165 (1977).  However, that danger may not be present where the sentences for multiplicitous counts are run concurrently.  *See United States v. Pacchioli*, 718 F.3d 1294, 1308 (11th Cir. 2013); *United States v. Langford*, 946 F.3d 798, 805-06 (11th Cir. 1991).  While there are serious collateral consequences for receiving multiple convictions, where a defendant failed to object to the multiplicity of an indictment before trial, his challenge on appeal may be construed as a challenge to his sentence.  *See Bobb*, 577 F.3d at 1372; *Pacchioli*, 718 F.3d at 1308.  And where the arguably multiplicitous counts resulted in concurrent sentences, harmless error results.  *See Pacchioli*, 718 F.3d at 1308.

Separate statutory crimes need not have the same elements or require the same proof in order to be the same within the meaning of double jeopardy.  *Brown*, 432 U.S. at 164.  The established rule, as stated in *Blockburger v. United States*,[1] is that, where the same act constitutes a violation of two distinct statutory provisions, the test to determine whether there are two offenses is whether each provision requires proof of an additional fact which the other does not.  *Id.* at 166.  Unless each statute requires proof of an additional fact which the other does not, the offenses are the same, and the Double Jeopardy Clause prohibits multiple punishments for that single offense.  *Id.* at 165.  In conducting a double jeopardy analysis, we consult "the precise manner in which an indictment is drawn."

---

[1] *Blockburger v. United States*, 284 U.S. 299, 304 (1932).

*Sanabria v. United States*, 437 U.S. 54, 65-66 (1978).  "Our analysis focuses on the proof necessary to establish the statutory elements of each offense, not the actual evidence presented at trial."  *Bobb*, 577 F.3d at 1372.

I.

Multiplicity, as the concept is known, is the charging of a single offense in more than one count.  *Langford*, 946 F.3d at 802.  To determine whether an indictment is multiplicitous, we must determine the "allowable unit of prosecution."  *Id.*; *see also United States v. Jones*, 601 F.3d 1247, 1259 (11th Cir. 2010).  We also apply the *Blockburger* test "to determine whether an indictment is multiplicitous, verifying that each count requires an element of proof that the other counts do not require."  *Jones*, 601 F.3d at 1258 (citations omitted).

Section 1952 of Title 18 of the United States Code punishes anyone who: "travels in interstate or foreign commerce or uses the mail or any facility in interstate or foreign commerce, with intent to . . . otherwise promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of any unlawful activity, and thereafter performs or attempts to perform [said unlawful activity]."  18 U.S.C. § 1952(a)(3), (a)(3)(A).  We have not yet determined the unit of prosecution for a violation of § 1952.

Here, the district court did not plainly err by entering judgments of conviction for the two racketeering offenses because there is no statutory provision

4

or binding case law holding that the use of an interstate "facility" is solely a jurisdictional component that may not be considered in a double jeopardy analysis. *See Schultz*, 565 F.3d at 1357.  There is no binding case law of either this Court or the Supreme Court holding that the "facilities" component of § 1952 is purely a jurisdictional element, that jurisdictional elements are ignored for the purposes of conducting a *Blockburger* analysis, or, to the government's contention, that the facilities in a § 1952 violation are the unit of prosecution.  While Lee relies on *Torres v. Lynch*, 136 S. Ct. 1619 (2016), and  *United States v. Perrin*, 580 F.2d 730 (5th Cir. 1978)), neither case stands for the propositions for which Lee has cited them.  *Perrin*, which did not involve double jeopardy, explained that, under the Travel Act, the use of interstate facilities is a federal jurisdiction predicate and that the government does not have to prove that a defendant had knowledge of, or intent to use, interstate facilities.  *Perrin*, 580 F.2d at 738.  *Torres* was an immigration case, which also did not involve double jeopardy, in which the Supreme Court explained that federal criminal laws often include both substantive and jurisdictional elements, and that a *mens rea* is generally not required as to jurisdictional elements.  *Torres*, 136 S. Ct. at 1630-31.  *Torres* held that jurisdictional elements in a federal criminal statute may sometimes be ignored when comparing federal and state criminal laws to determine which will apply when both prohibit the same conduct.  *Id.* at 1631-32.  In Lee's case, there is no

5

issue about Lee's intent to use or knowledge of the interstate facilities, or about the relationship between state and federal crimes. Thus, neither *Perrin* nor *Torres* is on-point precedent showing that the district court plainly erred. *See Schultz*, 565 F.3d at 1357.

Lee's indictment was not multiplicitous because the unit of prosecution of a § 1952 violation is the interstate use of a facility, and each racketeering offense in Lee's indictment alleged the use of a different facility. Under the *Blockburger* test, the prosecution for each offense required proof of that offense's charged facility, namely use of either the internet or a cell phone. *See Brown*, 432 U.S. at 166; *Jones*, 601 F.3d at 1258. Lee's argument that the government failed to prove that the two racketeering offenses resulted from separate acts is immaterial because he has not shown that the district court was required to ignore the facilities element of the offense, and under *Blockburger*, the actual evidence presented at trial is not considered. *See Bobb*, 577 F.3d at 1372.

Additionally, even if this Court were to find that the district court plainly erred, Lee's challenge would not satisfy the prejudice prong of the plain error standard because his sentences for both racketeering counts were run concurrently with his sentence for the sex trafficking offense and Lee failed to object to the multiplicity of his indictment before trial. *See id.* at 1371; *Pacchioli*, 718 F.3d at 1308; *Langford*, 946 F.3d at 805-06. Accordingly, the district court did not plainly

6

err by entering a judgment of conviction for each of the charged racketeering offenses, and we affirm.

## II.

Section 1591 of Title 18 of the United States Code punishes anyone who knowingly harbors, transports, provides, obtains, advertises, or maintains a person ("the harboring element"), knowing that means of force, threats of force, fraud, coercion, or any combination of such means ("the coercion element") will be used to cause the person to engage in a commercial sex act. 18 U.S.C. § 1591(a)(1).

Applying the *Blockburger* test, the two offenses are not the same within the meaning of the Double Jeopardy Clause. Lee's challenge fails the *Blockburger* test. The government did not have to show that Lee harbored the victim to prove the racketeering offense, and it likewise did not have to show that Lee used an interstate facility to prove the sex trafficking offense. *See id.* The two offenses therefore do not satisfy the *Blockburger* test because each requires proof of an element that the other does not. *See Brown*, 432 U.S. at 165.

Lee's argument that the two offenses are the same relies on two arguably erroneous inferences: (1) that the facility element of a § 1952 violation is solely jurisdictional and must be ignored for the purposes of conducting a double jeopardy analysis, and (2) that the district court was required to consider the actual evidence presented at trial as opposed to the statutory elements that the

government was required to prove.  As explained above, there is no binding precedent holding that the facility element of a § 1952 violation is solely a jurisdictional element or that jurisdictional elements must be ignored when conducting a double jeopardy analysis.  And this Court's precedent makes clear that courts are not to consider the actual evidence presented at trial but should instead focus on the proof necessary to establish the statutory elements of an offense.  *See Bobb*, 577 F.3d at 1372.  Thus, the district court did not plainly err by entering judgments of convictions for both the sex trafficking offense and the racketeering offenses because no double jeopardy violation occurred.

**AFFIRMED.**