[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-14113
Non-Argument Calendar

_____

D.C. Docket No. 4:18-cr-00166-LGW-CLR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

IVERSON LANG,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(December 7, 2020)

Before WILSON, ROSENBAUM, and BRASHER, Circuit Judges.

PER CURIAM:

Iverson Lang appeals his conviction of possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g)(1). Specifically, he argues that the magistrate judge abused his discretion by denying Lang's two pro se motions to

replace his appointed counsel. Because Lang did not appeal the magistrate judge's orders to the district court, we lack jurisdiction to hear his appeal. Accordingly, this appeal is DISMISSED.

## BACKGROUND

We presume familiarity with the factual and procedural history of this case and describe it below only to the extent necessary to address the issues raised in this appeal.

In July 2018, a federal grand jury returned a one-count indictment charging Lang with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The court appointed an attorney to represent Lang. In October 2018, Lang's first attorney accepted a new position that precluded her continued representation of Lang. Later that month the court appointed a new attorney, Jess Clifton, to represent Lang in this case.

On December 21, 2018, Lang filed a pro se motion to dismiss his new attorney. Lang claimed that his attorney was not working diligently on his behalf and that his attorney had failed to bring exculpatory evidence to the court's attention. The magistrate judge denied that motion on March 27, 2019.

On April 1, 2019, the day before trial was set to begin, Lang decided to plead guilty to the sole count of illegal possession of a firearm. At his Rule 11 hearing, Lang testified that he had reviewed his case with his attorney and he was satisfied

with his attorney's handling of his case. He pleaded guilty without a written plea agreement.

Lang filed a second pro se motion to substitute counsel on August 16, 2019. The primary reason for Lang's second motion to substitute counsel was his assertion that his attorney had not informed him of an earlier plea offer from the government, an offer he now claims would have resulted in a more favorable sentence than the one he eventually received. Lang's attorney filed a written response to Mr. Lang's second motion, denying that allegation. On September 9, 2019, the magistrate judge held a hearing to consider the claims raised in Lang's two motions to substitute counsel. The court questioned Lang, his attorney, and the Assistant United States Attorney assigned to the case regarding Clifton's performance. Two days later, the magistrate judge issued a written order denying Lang's second motion to substitute counsel.

On September 30, 2019, the district court sentenced Lang to 75 months of imprisonment to run concurrent with a potential state sentence.

## DISCUSSION

Lang argues that the magistrate judge abused his discretion by failing to promptly and adequately consider his motions to substitute counsel and by denying those motions even though good cause existed to dismiss his attorney. The government responds that this Court lacks jurisdiction to review the decision

denying the two motions to substitute counsel because Lang did not appeal the magistrate judge's orders to the district court. Lang replies that his failure to appeal does not bar this Court from reviewing the magistrate judge's orders for plain error.

We consider our own jurisdiction *sua sponte* and review jurisdictional issues *de novo*. *United States v. Lopez*, 562 F.3d 1309, 1311 (11th Cir. 2009).

"The law is settled that appellate courts are without jurisdiction to hear appeals directly from federal magistrates." *United States v. Schultz*, 565 F.3d 1353, 1359 (11th Cir. 2009) (quoting *United States v. Renfro*, 620 F.2d 497, 500 (5th Cir. 1980)). Accordingly, this Court has consistently held that we lack jurisdiction to review a magistrate judge's order if the party seeking review fails to appeal to the district court. *See, e.g.*, *United States v. Brown*, 441 F.3d 1330, 1352 & n.9 (11th Cir. 2006) (holding that this Court lacked jurisdiction to review magistrate judge's order quashing subpoena where ruling was not first appealed to the district court); *United States v. Brown*, 342 F.3d 1245, 1246 (11th Cir. 2003) (holding that this Court lacked jurisdiction to review magistrate judge's decision denying motion for counsel's withdrawal where defendant failed to appeal decision to the district court).

After the magistrate judge denied his requests for new counsel, Lang did not appeal at any point. He raises these issues for the first time on appeal from final judgment. Because the district court had no opportunity to review the magistrate judge's orders denying Lang's motions to substitute counsel, there is no district court

4

decision for us to review. And we cannot review the magistrate judge's orders directly. Accordingly, we lack jurisdiction over this appeal.

Lang argues that we should review the un-appealed orders of the magistrate judge for plain error. Specifically, he argues that the magistrate judge, but not the district court, committed plain error in ruling on his motions. Lang's proposed review is inconsistent with our precedents establishing our lack of jurisdiction to review a magistrate judge's un-appealed orders. Unlike the reports and recommendations addressed in this Court's local rule 3-1, which the district court must adopt or reject, the magistrate judge's orders at issue here do not require the district court to take any action unless they are appealed. *See Schultz*, 565 F.3d at 1361. Absent an appeal to the district court, we lack jurisdiction to review the magistrate judge's orders in this case.

## CONCLUSION

Because we lack jurisdiction to hear his appeal, it is **DISMISSED**.