[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 20-13793

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

RONALD WALKER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:11-cr-00217-HLA-JRK-1

_____

Before JILL PRYOR, BRANCH, and TJOFLAT, Circuit Judges.

PER CURIAM:

Ronald Walker appeals the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as modified by § 603(b) of the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194 ("First Step Act"). He argues that the district court erred when it found that U.S.S.G. § 1B1.13 determined the meaning of extraordinary and compelling reasons in the context of his compassionate release motion. He concedes that his argument is foreclosed by our decision in *United States v. Bryant*, 996 F.3d 1243 (11th Cir. 2021). Nonetheless, he asserts that *Bryant* was decided erroneously because § 1B1.13 and its enabling clause—28 U.S.C. § 994(t)—are unconstitutional and non-binding. He also contends that remand is warranted because the record does not indicate that the district court considered his COVID-19 and post-rehabilitation arguments in the § 3553(a) factors context.[1]

---

[1] In a footnote, Walker argues that the district court erred by not finding that his COVID-19 comorbidities constituted extraordinary and compelling reasons. Because he did not adequately brief the issue, he has abandoned it. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681-82 (11th Cir. 2014) (holding that an appellant abandons an issue where he does not adequately brief it, for instance, by raising it in a conclusory fashion or by failing to devote a discrete section of his argument to that issue).

We review a district court's denial of an 18 U.S.C. § 3582(c)(1)(A) compassionate release motion under an abuse of discretion standard. *Bryant*, 996 F.3d at 1251. The district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making its determinations, or makes clearly erroneous factual findings. *United States v. Barrington*, 648 F.3d 1178, 1194 (11th Cir. 2011). The district court has a range of choices, and we cannot reverse "just because [we] might have come to a different conclusion had it been [our] call to make." *Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 934 (11th Cir. 2007) (internal citation and quotation marks omitted).

We review forfeited claims, *i.e.,* claims that are not voluntarily waived, for plain error. *United States v. Lewis*, 492 F.3d 1219, 1222 (11th Cir. 2007) (en banc). To show plain error, the defendant must demonstrate that: (1) an error occurred; (2) the error was plain; and (3) the error affected his substantial rights. *Id.* (internal citation omitted). If all three conditions are met, we may, in our discretion, correct an error if it seriously affected the fairness, integrity, or public reputation of the judicial proceedings. *Id.* (internal citation omitted). An error is not "plain" unless it is contrary to explicit statutory provisions or controlling precedent from the Supreme Court or this Court. *United States v. Schultz*, 565 F.3d 1353, 1357 (11th Cir. 2009).

Before amendment by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) allowed the district court to reduce a prisoner's term of imprisonment upon motion of the director of the Bureau

of Prisons ("BOP").  *See* 18 U.S.C. § 3582(c)(1)(A) (effective November 2, 2002, to December 20, 2018).  The First Step Act amended § 3582(c)(1)(A) to now allow a court to reduce a defendant's term of imprisonment also upon motion of the defendant after the defendant has fully exhausted all administrative rights.  *See* First Step Act § 603(b).  The court may reduce the imprisonment term only if it finds that: (1) the factors listed in 18 U.S.C. § 3553(a) favor compassionate release, (2) there are extraordinary and compelling reasons for compassionate release, and (3) release would not endanger the community.  *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021) (internal citation and quotation marks omitted).  If the court finds against the defendant on any one of these requirements, it is not required to analyze the other requirements and cannot grant relief.  *United States v. Giron*, 15 F.4th 1343, 1348 (11th Cir. 2021).  When a court considers the § 3553(a) factors, it need not exhaustively analyze each factor or articulate its findings in detail, but it must provide enough analysis to permit meaningful appellate review.  *United States v. Cook*, 998 F.3d 1180, 1185 (11th Cir. 2021).

Congress directed the Commission to publish a policy statement that described "extraordinary and compelling reasons."  28 U.S.C. § 994(t).  The Commission's policy statement is found in § 1B1.13 of the Sentencing Guidelines, which, notably, has not been amended since the First Step Act was passed and refers only to a sentence reduction upon a motion from the director of the BOP.  *See* U.S.S.G. § 1B1.13, comment. (n.1(D)).  Extraordinary

and compelling reasons exist under any of the circumstances listed in § 1B1.13. *Id.*, comment. (n.1).

In relevant part, the commentary contains a catch-all provision, which provides that a prisoner may be eligible for a sentence reduction if "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the other specific examples listed. *Id.*, comment. (n.1(D)). We have held that the First Step Act does not affect § 1B1.13's definition of "extraordinary and compelling reasons." *Bryant*, 996 F.3d at 1247. We have also held that the Sentencing Commission's standards apply to all § 3582(c)(1)(A) compassionate release motions, and district courts do not have the discretion to develop "other reasons" that might justify a reduction in a defendant's sentence, including under Application Note 1(D). *Id.* at 1247–48.

Under the prior precedent rule, a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by our Court sitting *en banc*. *Smith v. GTE Corp.*, 236 F.3d 1292, 1300 n.8 (11th Cir. 2001).

As an initial matter, we review Walker's challenge to the constitutionality of 28 U.S.C. § 994(t) and U.S.S.G. § 1B1.13 for plain error because he did not raise this challenge in the district court. His challenge fails under this standard because he has not identified any explicit statute or controlling precedent declaring these provisions unconstitutional.

Walker's argument that the district court erred by treating § 1B1.13 as mandatory is foreclosed by our recent decision in *Bryant* that § 1B1.13 applies to all § 3582(c)(1)(A) compassionate release motions. *See Bryant*, 996 F.3d at 1247. As Walker concedes, *Bryant* is binding precedent that applies to this case because it has not been overruled or abrogated.

Finally, the district court was not required to consider Walker's COVID-19 and rehabilitation arguments in the § 3553(a) factors context—or to consider the § 3553(a) factors at all—because it had already determined that he did not present extraordinary and compelling reasons justifying compassionate release.

Because the district court did not err in denying compassionate release, we affirm.

**AFFIRMED.**