[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-12712

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

LOUIS CHARLES YOUNGLOVE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:21-cr-60078-RAR-1

_____

Before LUCK, BRASHER, and BLACK, Circuit Judges.

PER CURIAM:

Louis Younglove appeals from his 120-month sentence for possession with intent to distribute controlled substances, in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(B), and 841(b)(1)(C). He asserts the district court plainly erred in interrupting his allocution because he was addressing the same issues already raised by his attorney earlier in the sentencing hearing.

Under Rule 32(i)(4)(A)(ii), the district court must, during sentencing, "address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence." Fed. R. Crim. P. 32(i)(4)(A)(ii). We have held allocution is the defendant's right to make a final plea on his own behalf to speak or present any mitigating information. *United States v. Prouty*, 303 F.3d 1249, 1251 (11th Cir. 2002). Further, in *Prouty*, we stated the right of allocution is premised on the idea that the most persuasive counsel may not be able to speak for the defendant as well as the defendant might speak for himself. *Id.* at 1253. Nevertheless, a judge may interrupt or cut short an allocution that has grown repetitive or has veered into irrelevant topics. *United States v. Dorman*, 488 F.3d 936, 942-43 (11th Cir. 2007).

As an initial matter, we review Younglove's claim for plain error because he raises it for the first time on appeal. *See United States v. George*, 872 F.3d 1197, 1206-07 (11th Cir. 2017) (reviewing

22-12712                Opinion of the Court                3

the district court's denial of a defendant's right to allocution under the plain error standard when the defendant did not object at sentencing).

The district court did not plainly err in interrupting Younglove's allocution. The district court allowed Younglove to allocute for some time without interrupting. In interrupting, the district court did not instruct Younglove to wrap up his allocution, but rather asked him to focus on issues that had not already been covered by his attorney. After the court's interruption, and its statement that it did not want to cut Younglove's allocution short, Younglove stated he had nothing else to add. There is no precedent from either our Court or the Supreme Court holding that it is improper for a district court to interrupt an allocution because the defendant is addressing issues previously discussed by his attorney. *See United States v. Schultz*, 565 F.3d 1353, 1357 (11th Cir. 2009) (explaining an error is not plain unless it is contrary to explicit statutory provisions or controlling precedent from either the Supreme Court or this Court). Similarly, there is no caselaw that states an interruption of a defendant's allocution infringes on a defendant's rights in the same way that denying the opportunity to allocute altogether does. Our precedent in *Dorman* suggests there are situations where it is proper for the district court to interrupt or even cut short an allocution. *See Dorman*, 488 F.3d at 942-43.

Accordingly, we affirm Younglove's sentence.

**AFFIRMED.**