[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-14022

Non-Argument Calendar

_____

MARCO MCILWAIN,

                                                            Plaintiff-Appellant,

*versus*

DR EDWARD BURNSIDE,
GDCP,
L. ADAIR,
Nurse, GDCP,

                                                            Defendants-Appellees,

LIEUTENANT A UGLEE,

Defendant.

—————————————

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 5:17-cv-00363-MTT-MSH

—————————————

Before JORDAN, GRANT, and LAGOA, Circuit Judges.

PER CURIAM:

Marco McIlwain, an inmate at Macon State Prison, received medical care after being stabbed nine times by another inmate. Dissatisfied with the adequacy of that treatment, McIlwain brought a deliberate-indifference claim against the medical officials who treated him. The district court granted summary judgment in favor of the officials, finding that McIlwain failed to establish that they were subjectively aware of and disregarded a serious risk of harm. We agree and affirm.

**I.**

Marco McIlwain is a felon convicted of murder who was imprisoned at Macon State Prison when he got into a fight with two other inmates. He killed one of them, but was also stabbed nine times in the back and head. McIlwain was immediately taken to a hospital, where his wounds were cleaned. He also received an MRI and pain medication before being sent back to prison. There,

McIlwain went to the infirmary and was examined again by prison medical officials, who did their own scans and concluded that he was healing well. For the next three days, they gave him pain medication and changed the dressings for his wounds once a day.

McIlwain was then transferred to the Special Management Unit, a higher security prison. There, he was prescribed pain medication by Dr. Edward Burnside, though he claims he did not receive that medication for two weeks. He also told Dr. Burnside and Nurse Lynda Adair that he was having trouble breathing, but Dr. Burnside reviewed McIlwain's scans and concluded that his lungs looked fine and were healing well. McIlwain further complained to Nurse Adair that the dressings for his wounds had not been changed, and he requested a better mattress because the one he had was too thin and hurting his back. These complaints, he says, went unaddressed.

McIlwain brought a § 1983 suit for deliberate indifference against Dr. Burnside and Nurse Adair based on these complaints. Following discovery, the defendants filed a motion for summary judgment. The magistrate judge recommended granting that motion, and the district court accordingly granted summary judgment. McIlwain appeals.

## II.

"We review the district court's decision to grant summary judgment de novo." *Waddell v. Valley Forge Dental Assocs.*, 276 F.3d 1275, 1279 (11th Cir. 2001) (emphasis omitted). Summary judgment is proper "if the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists "if the nonmoving party has produced evidence such that a reasonable factfinder could return a verdict in its favor." *Waddell*, 276 F.3d at 1279.[1]

## III.

The Eighth Amendment bars prison officials from displaying "deliberate indifference to serious medical needs of prisoners." *Keohane v. Florida Dep't of Corrs. Sec'y*, 952 F.3d 1257, 1265 (11th Cir. 2020) (quotation omitted). Deliberate-indifference claims have "both an objective and a subjective component." *Id.* at 1266. There must be "an objectively serious medical need" that, "if left unattended," would pose "a substantial risk of serious harm." *Id.* (quotation omitted). And the officials must have had "subjective knowledge of a risk of serious harm" and "disregarded that risk." *Id.* (alteration adopted) (quotation omitted). Situations showing

---

[1] McIlwain did not object to the magistrate judge's report recommending summary judgment in favor of the defendants, so the district court reviewed it for clear error. It also stated in the alternative that the report and recommendation satisfied de novo review. Our Rule 3-1 provides that we may review a district court's factual and legal conclusions only for plain error if a plaintiff failed to object to a magistrate judge's report and recommendation in accordance with 28 U.S.C. § 636(b)(1). 11th Cir. R. 3-1. McIlwain argues that we should apply de novo review, however, because the district court itself applied de novo review. We have not recognized such an exception to Rule 3-1, but McIlwain cites other circuits that have. We need not address this issue, however, because McIlwain's objection fails under either standard of review.

mere negligence or a difference in medical opinion do not amount to deliberate indifference; rather, "medical treatment violates the Eighth Amendment only when it is so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Id.* at 1266, 1274 (alteration adopted) (quotation omitted).

In reviewing McIlwain's claims, the district court concluded that there was an objectively serious medical need that posed a substantial risk of serious harm. But it held that McIlwain had not shown that the defendants disregarded any risk of serious harm of which they were subjectively aware because they treated and monitored his injuries.

We agree with the district court's conclusion. The record reflects, and McIlwain acknowledges, that the defendants did treat and address his pain concerns. McIlwain's wound dressings were examined and found to be dry, and his wounds were healing normally.[2] Dr. Burnside prescribed him pain medication, and McIlwain does not provide evidence to suggest that any delay was because officials disregarded a substantial risk of harm. And in response to McIlwain's concerns about having difficulty breathing and needing a thicker mattress, Dr. Burnside noted that McIlwain's lungs looked well in scans and concluded that further treatment and a new mattress were not necessary for his healing. McIlwain does not provide any evidence, other than his own claims of

---

[2] As McIlwain himself acknowledges, his wounds have healed.

discomfort, to suggest otherwise. Though he may disagree with the course of treatment provided, that is not enough to support his deliberate-indifference claim. *Id.* at 1274.[3]

★    ★    ★

The record shows that the defendants examined McIlwain and treated his injuries in accordance with their medical judgment. Because McIlwain has not provided enough evidence to suggest that this judgment amounted to deliberate indifference, we **AFFIRM** the district court's summary judgment order.

---

[3] We lack jurisdiction to review McIlwain's claims that the magistrate judge improperly denied his motion for appointed counsel and motion to compel, both of which McIlwain acknowledges he did not raise before the district court. *See United States v. Schultz*, 565 F.3d 1353, 1359 (11th Cir. 2009).