[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 24-10125

Non-Argument Calendar

_____

BARRY LYNN GIBSON,

Plaintiff-Appellant,

*versus*

DOOLY SP WARDEN,
WARDEN OF CARE AND TREATMENT AT DOOLY STATE
PRISON,
DOCTOR KENDRICK,
Optometrist, GA Department of Corrections Contractor,
DOCTOR ULRICH,
Ophthalmologist, GA Department of Corrections Contractor,

Defendants-Appellees,

GEORGIA DEPARTMENT OF CORRECTIONS,

Defendant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 5:21-cv-00328-CAR-CHW

_____

Before ROSENBAUM, NEWSOM, and ABUDU, Circuit Judges.

PER CURIAM:

Barry Lynn Gibson, proceeding pro se, filed a § 1983 civil rights lawsuit, alleging that doctors and administrators at Georgia's Dooly State Prison were deliberately indifferent to his serious medical needs, namely, his eye-related problems. The district court denied several discovery-related motions made by Gibson and eventually granted summary judgment to the defendants—which included Georgia state officials, as well as Drs. Lane Ulrich and Embry Kendrick. On appeal, Gibson first argues that the magistrate judge's orders staying discovery and denying his motions to compel discovery prejudiced him because the defendants did not turn over his complete medical file. Second, he argues that he submitted evidence that showed that he needed urgent medical treatment for his vision difficulties, that this evidence proved his deliberate-indifference claims, and that, therefore, the district court erred in

24-10125                Opinion of the Court                3

granting summary judgment to the defendants.  But Gibson, for the most part, lost his right to appeal by failing to object to the magistrate judge's orders—and abandoned whatever is left of his arguments by failing to adequately brief them.  We therefore **AFFIRM** the discovery orders and the district court's grant of summary judgment to the defendants.[1]

## I

Under Rule 37(a), a party may move the district court to compel an opposing party to produce any documents that the opposing party failed to produce in response to a document production request.  Fed. R. Civ. P. 37(a)(3)(B).  And Rule 26(b) provides that parties may obtain discovery that is relevant to any party's claim or defense.  Fed R. Civ. P. 26(b)(1).  "A district court can deny a motion to compel further discovery if it concludes that the questions are irrelevant."  *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999) (alteration adopted) (citation and quotation marks omitted).

---

[1] We review a decision to stay discovery for abuse of discretion.  *Isaiah v. JPMorgan Chase Bank*, 960 F.3d 1296, 1308 (11th Cir. 2020).  We likewise review for abuse of discretion a denial of a motion to compel.  *Holloman v. Mail-Well Corp.*, 443 F.3d 832, 837 (11th Cir. 2006).

As for summary judgment, that we review de novo, "viewing all the evidence, and drawing all reasonable factual inferences, in favor of the nonmoving party."  *Baxter v. Santiago-Miranda*, 121 F.4th 873, 883 (11th Cir. 2024) (citation and quotation marks omitted).  Summary judgment is appropriate only when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed R. Civ. P. 56(a).

When a magistrate judge issues an order on a non-dispositive pretrial matter, the parties must timely object to the order or they forfeit the right to "assign as error a defect in the order." Fed. R. Civ. P. 72(a).  Rule 72(a) also provides that "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or contrary to law." *Id.*  Failing to object to a magistrate judge's non-dispositive order waives that claim on appeal; we "cannot review" unobjected-to claims. *A.L. ex rel. D.L. v. Walt Disney Parks & Resorts U.S., Inc.*, 50 F.4th 1097, 1112 (11th Cir. 2022).

Here, Gibson did not timely object to either the magistrate judge's discovery-stay order, or to the magistrate judge's order denying Gibson's first motion to compel.  He has therefore lost the right to challenge those orders on appeal.  Fed. R. Civ. P. 72(a); *A.L.*, 50 F.4th at 1112.

Gibson *did* object to the magistrate judge's order denying his second motion to compel, so we may consider that issue.  The district court never expressly ruled on Gibson's objection to the magistrate judge's order, and failing to rule on "significant" discovery motions "before issuing dispositive orders can be an abuse of discretion." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997).  Still, "discovery rulings will not be overturned unless it is shown that [they] resulted in substantial harm to the appellant's case." *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1307 (11th Cir. 2011) (alteration in original) (citation and quotation marks omitted).  Also, the district court's rejection of

Gibson's objections "may be implied by the entry of final judgment (which is in effect an overruling of pending pretrial motions)." *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. Unit A 1981).[2]  Here, any error in the district court's failure to expressly rule on Gibson's objections was harmless error and couldn't have caused "substantial" damage to his case.  Gibson's request for his *complete* medical records went well beyond the scope of Rule 26(b)(1):  Only the records somehow related to his eye problems were relevant to the claims and defenses raised in the litigation.  *See* Fed. R. Civ. P. 26(b)(1); *Burger King Corp.*, 169 F.3d at 1320.  Also, the defendants represented that they had produced all the relevant medical records in their possession, and it was not an abuse of discretion for the magistrate judge to determine that the defendants had, therefore, fulfilled their discovery obligations.  Accordingly, we affirm the denial of Gibson's discovery motions.[3]

## II

Eleventh Circuit Rule 3-1 provides that, if there is proper notice, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation . . . waives the right to challenge on appeal the district court's order

---

[2] The Fifth Circuit decided *Addington* on July 13, 1981.  Decisions of the Fifth Circuit from before October 1, 1981 are binding precedent.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[3] Because Gibson raises only the discovery stay and the denial of his motions to compel discovery in his brief, he has abandoned arguments about any other discovery-related orders.  *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1. Nonetheless, even without a "proper objection," we may review the order on appeal "for plain error if necessary [for] the interests of justice." *Id.* To preserve an objection to a report and recommendation, a party "must clearly advise the district court and pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009). "Under the civil plain error standard, we will consider an issue not raised in the district court if it involves a pure question of law, and if refusal to consider it would result in a miscarriage of justice." *Burch v. P.J. Cheese, Inc.*, 861 F.3d 1338, 1352 (11th Cir. 2017) (citation and quotation marks omitted).

Here, Gibson's objections to the magistrate judge's recommendation that the district court grant summary judgment to the defendants were not sufficient to preserve his appeal. In his objections, Gibson accused the magistrate judge of discriminating against him by ignoring or denying his motions, of being racist, and of failing to make the defendants turn over all of his medical records. Those objections were baseless because the magistrate judge addressed all outstanding motions and had never ordered the defendants to turn over Gibson's full medical records or any other additional discovery. Gibson also showed no evidence supporting his claim that the magistrate judge was racist.

Gibson did not challenge any of the magistrate judge's factual findings or legal conclusions regarding whether the defendants were entitled to summary judgment. He therefore did not raise

24-10125                Opinion of the Court                7

any proper objections to the magistrate judge's substantive analysis of his deliberate-indifference claims. *See Schultz*, 565 F.3d at 1360. So, he waived his right to appeal the summary judgment order.[4] Also, reviewing the decision now for plain error would be inappropriate because Gibson's challenge to the summary judgment determination—that his "exhibits" demonstrated that the defendants were deliberately indifferent—raises questions of both law and fact, rather than only raising questions of pure law. *See Burch*, 861 F.3d at 1352.

In any event, even if Gibson had not waived his right to challenge the summary judgment decision, he has abandoned the issue on appeal by failing to support his arguments or provide citations to the record. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014); *Mendoza v. U.S. Att'y Gen.*, 327 F.3d 1283, 1286 n.4 (11th Cir. 2003); Fed. R. App. P. 28(a)(8)(A).[5] In his brief, the closest Gibson comes to an argument is his assertion that he "showed in his exhibits to the district court" that the defendants were deliberately indifferent and that he "needed urgent medical

---

[4] Gibson had notice about his obligation to make objections. The magistrate judge's report and recommendation expressly warned him about the possibility that his failure to timely object to the report's "factual and legal conclusions" would "waive[] [his] right to challenge on appeal the district court's order." R. & R. at 21, ECF No. 131 (quoting 11th Cir. R. 3-1).

[5] Our rules about abandonment extend to pro se parties. Although we read pro se briefs liberally, if a pro se party fails to address a specific issue or argument in his brief, he abandons the issue, just like any other party. *Timson*, 518 F.3d at 874.

care." Appellant's Br. at 4. However, he does not cite to or identify any of the exhibits that he submitted to the district court to support his argument. "[H]is exhibits" may include the dozens of exhibits attached to his response to Dr. Kendrick's motion for summary judgment, none of which obviously indicate that Gibson needed urgent medical care or that the defendants knew of such a need and failed to act. Gibson may also be referring to the records attached to his complaint, to the multitude of documents that he submitted to the court for "further factual development" throughout the litigation, or to the exhibits that he submitted in support of his motion for default judgment against Dr. Kendrick. Though Gibson argues that he submitted evidence proving deliberate indifference and that the district court erred in ignoring that evidence, to what evidence Gibson is referring, and whether such evidence proves a disregarded need for immediate medical attention, is not "readily ascertainable." *See Mendoza*, 327 F.3d at 1286 n.4. So, even if Gibson had not waived his right to appeal the summary judgment order, he has abandoned those arguments and we do not consider them. We therefore affirm the district court's grant of summary judgment.

### III

For the foregoing reasons, we hold, first, that because Gibson failed to object, he lost his right to appeal the magistrate judge's discovery-stay order and denial of his first motion to compel. Second, we hold that there was no reversible error when the magistrate judge denied Gibson's second motion to compel and when the district court failed to expressly rule on Gibson's objection to

24-10125                Opinion of the Court                    9

the magistrate judge's order.  And third, we hold that Gibson also failed to properly object to the magistrate judge's report and recommendation and therefore lost his right to appeal the district court's grant of summary judgment to the defendants.

**AFFIRMED.**